**James BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20641.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On May 16, 1994, Appellant pled guilty to two felonies and was sentenced to concurrent prison terms of nine and three years. He was delivered the next day to the custody of the department of corrections to serve those sentences.

On October 17, 1994, Appellant commenced the instant proceeding by filing a motion to vacate the judgment and sentences per Rule

24.035.[1] The motion court appointed counsel for Appellant; counsel thereafter filed an amended motion on Appellant's behalf.

The motion court found Appellant waived his right to proceed under Rule 24.035(b) "by failing to file [a] motion [to vacate, set aside or correct the judgment or sentences] within ninety days after being delivered to the department of corrections." The motion court dismissed Appellant's motion for post-conviction relief without an evidentiary hearing.

Appellant brings this appeal. His sole point relied on is:

"The motion court clearly erred in dismissing Appellant's Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny Appellant his right to due process of law as guaranteed by the [United States and Missouri constitutions] in that the rule makes no provision for the late filing of a postconviction motion for good cause shown. Appellant was prejudiced in that he was thereby denied review on the merits."

Rule 24.035(b), attacked in Appellant's point relied on, reads, in pertinent part:

" ... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Appellant concedes the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. However, he tells us he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

On that subject, we note that neither Appellant's pro se motion nor the amended motion filed by his lawyer challenges the constitutionality of the filing deadline in Rule

---

1. Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Consequently, the version of Rule 24.035 in Missouri Rules of Court (1994) governs this proceeding.

24.035(b). Appellant's brief does not cite anyplace in the record demonstrating Appellant presented such a challenge in the motion court.

■ Claims not presented to the motion court cannot be raised for the first time on appeal. *Reid v. State*, 877 S.W.2d 253, 254[2] (Mo.App. S.D.1994), citing *Amrine v. State*, 785 S.W.2d 531, 535[8] (Mo. banc 1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). Furthermore, Appellant's point relied on presents a constitutional issue. To preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections. *State v. Parker*, 886 S.W.2d 908, 925[59] (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). Nothing in the record indicates Appellant met those requirements in the motion court.

■ We therefore hold the issue in Appellant's point relied on is not preserved for appellate review. However, even if it were, it would be futile.

■ In *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Supreme Court of Missouri held the time limitation in Rule 24.035(b) is constitutional and mandatory. We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *State v. Simpson*, 813 S.W.2d 323, 323[2] (Mo.App. S.D.1991), *cert. denied*, 502 U.S. 1109, 112 S.Ct. 1209, 117 L.Ed.2d 448 (1992). Consequently, we would have had to deny Appellant's constitutional attack on Rule 24.035(b) had it been preserved.

The order of the motion court dismissing Appellant's motion for post-conviction relief is affirmed.

PREWITT, P.J., and SHRUM, C.J., concur.

