Billy Gene DRISKILL, Appellant,

v.

STATE of Missouri, Respondent.

No. 21445.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1997.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

James C. Cox, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On March 25, 1996, Appellant pled guilty to murder in the second degree. § 565.021, RSMo 1994. The plea court sentenced Appellant to twenty years' imprisonment. Appellant was delivered to the Department of Corrections on April 2, 1996.

On August 12, 1996, Appellant commenced the instant proceeding by filing a motion to vacate the judgment and sentence per Rule 24.035.[1] The motion court appointed counsel for Appellant; counsel thereafter filed an amended motion on Appellant's behalf.

On December 2, 1996, the motion court entered an order wherein the motion court found Appellant waived his right to proceed under Rule 24.035 by failing to file his pro se motion within ninety days after the date he was delivered to the custody of the Depart-

ment of Corrections. The motion court dismissed Appellant's motion for post-conviction relief without an evidentiary hearing.

Appellant brings this appeal. His sole point relied on:

"The motion court clearly erred by denying as untimely filed Appellant's motion for postconviction relief pursuant to Missouri Supreme Court Rule 24.035 because the absolute filing deadline imposed by Rule 24.035 operated to deny Appellant due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, sections 10 and 14 of the Missouri Constitution in that the absolute filing deadline arbitrarily denied Appellant relief because the Rule makes no provision for late filing of a postconviction relief motion for good cause shown, and Rule 24.035 provides the exclusive means for a person under detention pursuant to a guilty plea to a felony in Missouri to attack the constitutionality of his detention."

Rule 24.035(b) reads, in pertinent part:

" ... If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."

Appellant concedes the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. However, he tells us he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

On the subject of preservation, we note that neither Appellant's pro se motion nor the amended motion filed by his lawyer challenged the constitutionality of the filing deadline in Rule 24.035(b). Appellant's brief

1. Rule references are to Missouri Rules of Criminal Procedure (1996).

does not cite any place in the record demonstrating Appellant presented such a challenge in the motion court.

In the above respects, the instant case is identical to *Brown v. State*, 925 S.W.2d 216 (Mo.App. S.D.1996). There, we held the constitutional attack on Rule 24.035(b) in the prisoner's sole point relied on was not preserved for review. *Id.* at 218. We further held that even had it been preserved, it would be futile. *Id.*

For the reasons set forth in *Brown*, and relying on the authorities cited there, we hold Appellant's point relied on in the instant appeal is not preserved for review, and that even if it were, it would be meritless.

The order of the motion court dismissing Appellant's motion for post-conviction relief is affirmed.

PARRISH and SHRUM, JJ., concur.