Michael L. SWAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 21451.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Asst. Attorney Gen., Jefferson City, for respondent.

MONTGOMERY, Chief Judge.

On March 14, 1996, Appellant pled guilty to two counts of murder in the second degree and two counts of armed criminal action. He was sentenced to life imprisonment on each count. Appellant was delivered to the Department of Corrections on March 28, 1996.

Appellant filed a *pro se* Rule 24.035 motion on November 14, 1996. The motion court appointed counsel for him. No amended motion was filed.

The State filed a motion to dismiss Appellant's motion for postconviction relief on the ground that it was not timely filed. On December 5, 1996, the motion court dismissed Appellant's motion because it was not filed within ninety days after the date Appellant was delivered to the custody of the Department of Corrections. *See* Rule 24.035(b).[1]

Appellant brings this appeal. His only point relied on states:

> The motion court clearly erred in dismissing Michael's Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny Michael his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the rule makes no provision for the late filing of a postconviction motion for good cause shown. Michael was prejudiced in that he was denied review on the merits of his 24.035 motion.

In pertinent part, Rule 24.035(b) reads:

> If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.

Appellant recognizes that the Missouri Supreme Court has earlier rejected constitutional challenges like his to Rule 24.035. However, Appellant asserts that he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

■ As to the preservation issue, we observe that neither Appellant's *pro se* motion nor his attorney challenged the constitutionality of Rule 24.035(b) in the motion court. Therefore, the posture of this case is identical to the situation confronting this Court in *Brown v. State*, 925 S.W.2d 216 (Mo.App.1996). There, we held the constitutional attack on Rule 24.035(b) in the movant's lone point relied on was not preserved for review. *Id.* at 218. We also held that even if it had been preserved, it would have been futile. *Id.*

For the reasons stated in *Brown*, we hold that Appellant's point relied on in this case is not preserved for review, and that even if it were, it would have no merit.

The order of the motion court dismissing Appellant's Rule 24.035 motion is affirmed.

MONTGOMERY, C.J., PARRISH, P.J., and SHRUM, J., concur.

---

1. Rule references are to Missouri Rules of Court (1996) unless otherwise indicated.