George BROWN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 23252.

Missouri Court of Appeals,
Southern District,
Division One.

June 7, 2000.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

George Brown, Jr. ("Movant") appeals from a judgment dismissing his *pro se* motion for post-conviction relief under Rule 24.035.[1] The motion court dismissed Movant's motion because it was filed more than ninety days after Movant was delivered to the Department of Corrections.

Movant's sole point relied on is:

"The motion court clearly erred in dismissing Mr. Brown's Rule 24.035 motion as untimely filed because the absolute deadline imposed by Rule 24.035(b) arbitrarily denied Mr. Brown due process of law. See U.S. Const., Amends. V and XIV; Mo. Const., Art. I, § 10. The Rule sets a reasonable limit of 90 days in which persons convicted of felonies may seek post-conviction relief. But by failing to provide for the late filing of a post-conviction motion in those rare instances when good cause exists for the movant's failure to file within the 90 day time limit, however, the Rule acts to arbitrarily abrogate the right of post-conviction review. If given the chance, Mr. Brown can establish good cause for failing to file his *pro se* motion by the April 29, 1999, deadline, i.e., his plea attorney mislead him to believe that she would file the motion to vacate for him."

The following chronology is pertinent to Movant's claim of error.

June 23, 1998. Movant and his lawyer ("Plea Counsel") appear in trial court in case number CR298–328F ("case 328"). Pursuant to a plea agreement, Movant pleads guilty to class C felony of receiving stolen property. Consistent with agreement, trial court sentences Movant to three years' imprisonment, suspends execution of sentence, and places Movant on supervised probation for three years.

October 13, 1998. Movant and Plea Counsel appear in trial court in case number CR298–548F ("case 548"). Pursuant to a plea agreement, Movant pleads guilty to class C felony of receiving stolen property.[2] Consistent with agreement, trial court: (a) revokes Movant's probation in case 328 and orders sentence in that case—three years' imprisonment—executed; (b) sentences Movant to six years' imprisonment in case 548; (c) orders sentence in case 548 to run concurrently with sentence in case 328.

Plea agreement further provides Movant will be "considered for probation during the first 120 days of incarceration."[3] Trial court announces:

<hr />

1. The version of Rule 24.035 in force when Movant filed his motion and when the motion court dismissed it is the version that took effect July 1, 1997. A new version will take effect July 1, 2000. *See:* 3–5 S.W.3d, Missouri Cases, pp. XIX–XXI. Unless otherwise indicated, references to Rule 24.035 in this opinion are to the version identified in the first sentence of this footnote.

2. The crime in case 548 allegedly occurred July 16, 1998, twenty-three days after Movant received probation in case 328.

3. Section 559.115.2, RSMo Cum.Supp.1998, reads, in pertinent part:

"A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the

"As to each of these two case files, the Court will request that the Department of Corrections and Board of Probation and Parole provide this Court with a progress report and a recommendation relative to a 120–day release pursuant to Chapter 559.115 Revised Statutes of Missouri, and upon the Court receiving a favorable recommendation, the Court will exercise its discretionary review authority in these two case files and place Mr. Brown back on supervised probation."

The final element in the plea agreement is that Movant will "remain free" until 8:00 a.m., January 2, 1999, at which time he must report to New Madrid County sheriff's office for delivery to Department of Corrections.

January 2, 1999.  Movant fails to report to sheriff's office.  Trial court subsequently issues warrant for Movant's arrest.

January 26, 1999.  Movant appears in trial court.  Court announces:

"The Court will rescind its order for 120–day release consideration, purchase [sic] to Chapter 559.115."

January 29, 1999.  Sheriff of New Madrid County delivers Movant to Department of Corrections.

April 26, 1999.  Trial court's docket sheet in case 328 and trial court's docket sheet in case 548 show filing of "Motion Challenging Validity of Guilty Plea." [4] Motion pleads, *inter alia:*

> defendant and such defendant's behavior during the period of incarceration."

**4.** The record on appeal contains two copies of the "Motion Challenging Validity of Guilty Plea." Each copy bears only the case number of case 548.  However, inasmuch as (a) the docket sheets show the motion was filed in both cases, and (b) as explained *infra,* the record shows the trial court denied the motion in both cases, this court shall proceed on the assumption that the motion was filed in both cases.

**5.** No issue was raised in the motion court, and none is raised here, about using a single

"4.  Defendant did not understand at the time of his guilty plea that a failure to report as directed would cause [the trial court] to rescind defendant's placement into the 120 day shock incarceration program.

5.  Had defendant understood that the 120 day shock incarceration could be rescinded, he would not have entered his plea of guilty.

6.  Under these circumstances, it would be manifestly unjust not to permit defendant to withdraw his guilty plea."

Motion bears Plea Counsel's signature; it is henceforth referred to as "Plea Counsel Motion."

May 12, 1999.  Trial court denies Plea Counsel Motion in both cases.

June 14, 1999.  Movant files motion referred to in first sentence of this opinion.  Motion attacks conviction and sentence in each case.[5]  Motion is henceforth referred to as *"Pro Se* Motion."

July 8, 1999.  Motion court issues order stating court must determine whether *Pro Se* Motion "was timely filed."  Order grants parties time to file memorandum on that issue.

August 12, 1999.  A Public Defender ("Motion Counsel") files motion on Movant's behalf; it is henceforth referred to as "Motion Counsel Motion."  It concedes *Pro Se* Motion was untimely under Rule 24.035(b), as *Pro Se* Motion was filed more than ninety days after Movant's delivery to Department of Corrections.[6]  Motion Counsel Motion avers, *inter alia:*

> post-conviction motion to seek relief in both criminal cases.

**6.** Rule 24.035(b) reads, in pertinent part:

> "If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.  Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."

"Movant asserts that his untimely [*Pro Se* Motion] was the result of [Plea Counsel] telling him she would file a motion to vacate on his behalf. As the Court's file shows, [Plea Counsel] did, on April 26, 1999, file a motion challenging the validity of movant's guilty plea. Movant's failure to timely file a Form 40[7] was accordingly based on counsel's mis-advice."

Motion Counsel Motion prays motion court to "either find that [the *Pro Se* Motion] should be treated as timely filed on the basis of counsel's erroneous representation, or alternatively, treat the [Plea Counsel Motion] filed April 26, 1999 as sufficing for a timely filed *pro se* motion under Rule 24.035."

August 16, 1999. Motion court enters judgment accompanied by findings of fact and conclusions of law. Court finds, *inter alia,* that *Pro Se* Motion was not filed within the time allowed by Rule 24.035(b), as it was filed more than ninety days after Movant's delivery to Department of Corrections. Motion court concludes: "A Rule 24.035 motion that is not timely filed must be dismissed; it cannot be considered on the merits." Consistent therewith, judgment dismisses *Pro Se* Motion.

Movant brings this appeal from that judgment.

Movant's point relied on, quoted earlier, challenges the constitutionality of the deadline in Rule 24.035(b). Movant's hypothesis, as this court grasps it, is that the deadline is unconstitutional as applied to him in the motion court because it provides no exception for late filing in instances where "good cause" exists for failure to file within the ninety-day limit.

This court has searched the record to see whether the constitutional challenge in Movant's point relied on was presented to the motion court. This court finds no such challenge in the *Pro Se* Motion or the Motion Counsel Motion.[8]

According to the record, the only other pleading presented to the motion court between June 14, 1999 (the date the *Pro Se* Motion was filed) and August 16, 1999 (the date the motion court entered judgment) was a *pro se* "Writ of Error Coram Nobis" filed by Movant August 9, 1999. That document, like the *Pro Se* Motion and the Motion Counsel Motion, launched no constitutional attack on Rule 24.035(b).

Finally, the record contains no transcript of a hearing in the motion court, hence there is no showing that Movant or Motion Counsel presented a verbal constitutional attack on Rule 24.035(b) to the motion court.

In *Driskill v. State,* 947 S.W.2d 551, 552 (Mo.App. S.D.1997), a prisoner sought post-conviction relief under Rule 24.035, Missouri Rules of Criminal Procedure

---

**7.** Rule 24.035(b) requires a person seeking relief under Rule 24.035 to file a motion "substantially in the form of Criminal Procedure Form No. 40."

**8.** The Motion Counsel Motion concedes the time limits in Rule 24.035(b) "have been held to be valid and mandatory." The Motion Counsel Motion's theory that the *Pro Se* Motion "should be treated as timely filed" is based on *Ivy v. Caspari,* 173 F.3d 1136 (8th Cir.1999). There, a United States District Court granted habeas corpus relief to a Missouri prisoner whose motion for post-conviction relief had been dismissed by a Missouri court because it was untimely. *Id.* at 1138–39. No constitutional attack on the time limits in Rule 24.035(b) was made in *Ivy.* Indeed, the appellate court acknowledged the

untimely filing "constitutes a procedural bar under Missouri Law." *Id.* at 1140. However, explained the opinion, a state prisoner may obtain federal habeas corpus relief if he "establishes cause for the default and actual prejudice resulting from the alleged violations of federal law." *Id.* at [2]. The appellate court upheld the lower court's finding that the prisoner placed his post-conviction motion in the "prison mail system" in time for it to be delivered to the motion court before the deadline in Rule 24.035(b), hence nondelivery was not the prisoner's fault. *Id.* at 1140–41. Therefore, although the prisoner was procedurally barred from post-conviction relief in Missouri courts, the bar did not foreclose habeas corpus relief in the federal courts. *Id.*

(1996). The motion court dismissed the motion because the prisoner filed it more than ninety days after he was delivered to the Department of Corrections. *Id.*

On appeal, the prisoner in *Driskill* attacked the constitutionality of the filing deadline in Rule 24.035(b) because it "makes no provision for late filing of a postconviction relief motion for good cause shown[.]" *Id.* This court held the attack was not preserved for review. *Id.* at 553. The opinion said:

> "On the subject of preservation, we note that neither Appellant's pro se motion nor the amended motion filed by his lawyer challenged the constitutionality of the filing deadline in Rule 24.035(b). Appellant's brief does not cite any place in the record demonstrating Appellant presented such a challenge in the motion court.
>
> . . . .
>
> [W]e hold Appellant's point relied on in the instant appeal is not preserved for review[.]"

*Id.* at 552–53[1]. *Accord: Brown v. State,* 925 S.W.2d 216, 218[1] (Mo.App.S.D.1996).

Movant's claim of error hinges on the premise that the filing deadline in Rule 24.035(b) is constitutionally flawed because it provides no exception for late filing where good cause exists for tardiness. Applying *Driskill,* 947 S.W.2d at 552–53[1], and *Brown,* 925 S.W.2d at 218[1], this court holds the constitutional attack is not preserved for review. Consequently, Movant's claim of error provides no basis for reversal.

The judgment of the motion court is affirmed.

PARRISH and SHRUM, JJ., concur.