**Ricardo Olivo VALDEZ, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 23705.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 2001.

Rosalynn Koch, Asst. Public Defender, Columbia, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Karen L. Kramer, Assistant Attorney General, Jefferson City, Attorney for Respondent.

PHILLIP R. GARRISON, Judge.

Ricardo Olivo Valdez ("Movant") appeals from the dismissal of his motion for post-

---

1. All statutory references are to RSMo (1994) unless otherwise indicated.

conviction relief filed pursuant to Rule 24.035.[1] On appeal, Movant alleges that the motion court clearly erred in dismissing his motion as untimely filed because the absolute deadline imposed by Rule 24.035 denied him the right to due process in that the Rule allows no provision for the late filing of a post-conviction motion for good cause shown.

Movant pled guilty to drug trafficking in the second degree in violation of Section 195.223. The trial court sentenced Movant to eight years imprisonment on December 15, 1998. Movant was delivered to the custody of the Missouri Department of Corrections on December 17, 1998. On January 15, 1999, he was released to federal custody. He was returned to the custody of the Missouri Department of Corrections on September 20, 1999.

On November 22, 1999, Movant filed a *pro se* motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035. On April 3, 2000, appointed counsel filed an amended Rule 24.035 motion. The State then filed a motion to dismiss Movant's Rule 24.035 motion. On April 24, 2000, Movant filed a motion to toll the time period to file the *pro se* Rule 24.035 motion or, in the alternative, to treat his motion as having been timely filed for good cause shown. On that same day, the motion court issued its findings of fact and conclusions of law, and dismissed Movant's Rule 24.035 motion on the basis that it was not filed within ninety days of Movant's delivery to the Department of Corrections. Movant appeals.

■ Appellate review of the dismissal of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo. App. E.D.1995).

■ In the instant case, Movant argues in his brief that the dismissal of his Rule 24.035 motion presents "a meritorious question of federal constitutional law," and that the Missouri Supreme Court's decision in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), was erroneous. We note, however, that Movant did not challenge the constitutionality of the filing deadline imposed by Rule 24.035(b) in his *pro se* motion, in the amended motion filed by his attorney, or in his motion to toll the time period to file a *pro se* Rule 24.035 motion. Further, Movant's brief does not cite any place in the record demonstrating that Movant presented such a challenge in the motion court.

In *Driskill v. State*, 947 S.W.2d 551, 552–53 (Mo.App. S.D.1997), this Court held that a movant's attack on the constitutionality of the filing deadline imposed by Rule 24.035 was not preserved for appellate review when the movant failed to raise the issue in either his *pro se* motion or his amended motion. We also held in *Brown v. State*, 19 S.W.3d 190, 194 (Mo.App. S.D. 2000), that the failure to raise the constitutionality of the filing deadline set by Rule 24.035 in the motion court preserved nothing for appellate review. *See also Brown v. State*, 925 S.W.2d 216, 218 (Mo.App. S.D.1996). Consequently, Movant's claim of error has not been preserved for appellate review. However, even if it were, it would be without merit.

In *Day*, 770 S.W.2d at 695, the Supreme Court of Missouri held that the time limi-

---

1. All rule references are to Missouri Rules of Criminal Procedure (2000), and all statutory references are to RSMo 1994, unless otherwise indicated.

tation imposed by Rule 24.035(b) is constitutional and mandatory. We are constitutionally controlled by the decisions of the Supreme Court of Missouri. MO. CONST. art. V, § 2; *Brown,* 925 S.W.2d at 218. Consequently, we would have had to deny Movant's constitutional attack on Rule 24.035(b) had it been preserved.

The judgment of the motion court dismissing Movant's motion for post-conviction relief is affirmed.

PREWITT, J., and BARNEY, C.J., concur.