George BROWN, Jr., Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

Nos. 24529, 24530.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 27, 2002.

George Brown, Jr., pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

George Brown, Jr. ("Movant") appeals the denial of his motions filed under Rule 29.07[1] to withdraw his guilty pleas in two cases, case numbers CR298–328F and CR298–548F. We affirm the denial of both motions.

On June 2, 1998, Movant was charged by information in case number CR298–328F with receiving stolen property. On June 23, 1998, Movant entered a plea of guilty on that charge, and was sentenced to three years imprisonment. Execution of the sentence was suspended, however, and Movant was placed on three years probation.

On September 1, 1998, Movant was charged by information in case number CR298–548F with receiving stolen property. On October 13, 1998, Movant, pursuant to a plea agreement, entered a plea of guilty on that charge, and was sentenced to six years imprisonment. The trial court also found that Movant had violated the conditions of his probation in case number CR298–328F, and his previous sentence was ordered executed. As part of the plea agreement, the two sentences were to run concurrently, and Movant was to be "considered for probation during the first 120 days of incarceration" pursuant to Section 559.115. Movant was given a furlough and was to turn himself in on January 2, 1999, but he failed to appear. On January 26, 1999, Movant appeared, and the trial court rescinded its order for 120–day release consideration. On January 29, 1999, Movant was ordered transported to the department of corrections.

On April 26, 1999, Movant filed a "Motion Challenging Validity of Guilty Plea." On May 12, 1999, the motion court denied Movant's motion. On June 14, 1999, Movant filed a pro se motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035. On August 12, 1999, Movant, through the public defender, filed a motion to treat his amended Rule 24.035 motion as timely filed or, alternatively, to treat the April 26 motion as Movant's pro se motion under Rule 24.035. The motion court overruled both Movant's motion under Rule 24.035 and his motion of August 12, finding that the pro se motion was not timely filed. This Court affirmed the motion court's rulings in *Brown v. State*, 19 S.W.3d 190 (Mo.App. S.D. 2000).

Subsequently, on January 8, 2001, Movant filed a "Motion to Correct Manifest Injustice Pursuant to Supreme Court Rule 29.07(d)," in which he referenced both of the criminal cases to which he pled guilty. The motion court denied Movant's motion,

---

1. All rule references are to Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

and this Court affirmed that ruling in *Brown v. State*, No. 24092, slip op., —— S.W.3d ——, 2001 WL 845720 (Mo.App. S.D. July 27, 2001).

In August 2001, Movant filed two new motions under Rule 29.07 to withdraw his guilty pleas in case numbers CR298–328F and CR298–548F. On September 20, 2001, the motion court denied Movant's motions. Movant's appeals from these rulings have been consolidated on appeal.

Movant asserts that the motion court erred in denying his Rule 29.07 motions to withdraw his guilty pleas because he was entitled to relief on the following grounds: 1) that the plea court erred in that it should have allowed Movant the opportunity to withdraw his guilty plea once it rescinded its order pursuant to Section 559.115; 2) the plea court did not have a factual basis for accepting his guilty plea; 3) Movant was innocent of the charges and only pled guilty because his counsel was ineffective in failing to provide him with the necessary discovery; and 4) the plea court lacked jurisdiction to accept his plea because the State filed an insufficient information on each charge.

 Preliminarily, we must address whether Movant's claims were properly brought under Rule 29.07(d), and whether his claims were timely. Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Rule 29.07(d) imposes no time restrictions on the granting of relief under that rule. *State v. Ralston*, 41 S.W.3d 620, 622 (Mo.App. W.D.2001). However, Rule 29.07(d) must be read in *pari materia* with Rule 24.035. *State v. Elder*, 36 S.W.3d 817, 819–20 (Mo.App. S.D.2001); *Reynolds*

*v. State*, 939 S.W.2d 451, 454 (Mo.App. W.D.1996). Rule 24.035(a) provides:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and the laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

In the instant case, Movant's claims were cognizable under Rule 24.035. *See Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002); *Soutee v. State*, 51 S.W.3d 474 (Mo. App. S.D.2001); *Carmons v. State*, 26 S.W.3d 382 (Mo.App. W.D.2000); *McVay v. State*, 12 S.W.3d 370 (Mo.App. S.D. 2000). Accordingly, because Rule 24.035 provides the exclusive procedure by which Movant could seek relief for those claims, Movant was subject to the time limits imposed by that rule. *See Ralston*, 41 S.W.3d at 622; *Elder*, 36 S.W.3d at 819. Movant previously sought post-conviction relief under Rule 24.035. *See Brown*, 19 S.W.3d 190. His claim was untimely and, therefore, time barred. He may not circumvent the time constraints of Rule 24.035 simply by asserting Rule 24.035 claims under Rule 29.07(d). "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into

the trial courts." *State v. Ryan,* 813 S.W.2d 898, 902 (Mo.App. S.D.1991).

■ Here, we are cognizant of the fact that Movant argues that his plea counsel was ineffective, and that he did not learn of her ineffectiveness until after the time limits for a Rule 24.035 motion had run. Movant asserts that he "was not provided a discovery until after the time limits of Rule 24.035 had run," and contends that through this discovery, he found "newly discovered evidence of actual innocence." The unavailability of relief under Rule 24.035 or Rule 29.07(d), however, does not mean that Movant is without any avenue of relief for claims that were unknown to him while Rule 24.035 proceedings were available. The Supreme Court of Missouri specifically recognized in *Brown v. State,* 66 S.W.3d 721 (Mo. banc 2002), that habeas corpus relief is available to correct manifest injustice, even if an individual has failed to timely seek Rule 24.035 relief, if that individual can establish that his grounds for relief were not known to him while Rule 24.035 proceedings were available. *See also Ralston,* 41 S.W.3d at 623; *Brown v. Gammon,* 947 S.W.2d 437, 440 (Mo.App. W.D.1997); *Reynolds,* 939 S.W.2d at 455. The nature of habeas corpus relief, however, is very limited. *State v. Edwards,* 983 S.W.2d 520, 522 (Mo. banc 1999). Without indicating whether or not habeas corpus relief may be available here, we note that Movant has not filed such a petition for relief.

The judgment of the motion court denying Movant's Rule 29.07(d) motions is affirmed.

PARRISH, J., and RAHMEYER, J., concur.