Jarrod A. LILLY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 74348.

Missouri Court of Appeals, Western District.

Aug. 28, 2012.

Alexa Irene Pearson, Assistant Public
Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Todd T. Smith, LL.M., Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

Jarrod Lilly appeals the dismissal (without an evidentiary hearing) of his Rule 24.035 motion for post-conviction relief, which sought to vacate his convictions for sexual assault and first-degree robbery. Finding no error of law, we affirm.

## Factual Background

Lilly was originally charged by information in Boone County with six felonies (felonious restraint, forcible rape, forcible sodomy, first-degree burglary, first-degree robbery, and armed criminal action), resulting from actions he took during a home invasion in Columbia, Missouri, on or about September 18, 2007. Pursuant to a plea agreement, in exchange for Lilly's guilty pleas, the State agreed to dismiss all counts except first-degree robbery and to file a substitute information, charging Lilly with only the first-degree robbery count and the reduced charge of sexual assault with recommended concurrent sentences of twenty and seven years imprisonment.

At the plea hearing, Lilly acknowledged understanding the various aspects of a trial that he was relinquishing through entry of his guilty pleas, including the State's burden of proving his guilt beyond a reasonable doubt and the possibility of acquittal following a jury trial. Lilly confirmed that he wished to waive his trial rights and proceed with his guilty pleas. The court discussed the range of punishment on the various charges, and Lilly acknowledged understanding the ranges. The State then recommended concurrent terms of twenty years imprisonment for first-degree robbery and seven years imprisonment for sexual assault. Lilly agreed that the State's recommendation was what he anticipated.

The State laid the following factual basis for the charges:

Your Honor, this was something typically referred to as a home invasion/robbery. The defendant and four other individuals forced their way into a residence that had the victim and several other individuals. Mr. Lilly had a firearm or—pardon me. He had a firearm and had sexual intercourse with one of the residents there, without her consent, by the initials of M.G., and forcibly stole a PlayStation II from that residence.

The court asked Lilly if he agreed with the prosecuting attorney's statement, and he responded, "Yeah." The court then read the charges from the substitute information, asking after each one whether the allegations were true and if Lilly was pleading guilty because he was, in fact, guilty. Lilly indicated that the allegations were true and that he was, in fact, guilty of the crimes charged.

Lilly waived his right to a sentencing assessment report, and the court sentenced him in accordance with the State's recommendation. The court then explained Lilly's rights pursuant to Rule 24.035, including the fact that any such motion had to be filed within 180 days of his delivery to the Department of Corrections.

Lilly was delivered to the Department of Corrections on July 7, 2008. On September 22, 2008, Lilly filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed, but on January 16, 2009, Lilly voluntarily dismissed his motion.

On May 27, 2010, after the original Rule 24.035 motion was dismissed, Lilly's plea counsel sent a letter to the Public Defender's Office, indicating that he had recently received an "additional disclosure" from the State in Lilly's criminal case, indicating that there was an error in the original DNA report that identified Lilly as the source of a semen stain on a pillow recovered from the home. The report indicated that the semen stain located on the pillow was actually consistent with the DNA of a resident of the home and that, upon further testing, Lilly had been excluded as a possible contributor. The report further indicated that the previously reported results for all other items submitted for DNA testing remained the same. Plea counsel noted in his letter that "[c]ertainly, the presence of semen matching Mr. Lilly's genetic profile went into Mr. Lilly's ultimate decision to enter a plea of guilty in this case."

On May 2, 2011, Lilly filed a second *pro se* Rule 24.035 motion, alleging (among other claims) that the trial court "lacked jurisdiction because an insufficient factual basis was established by the State prior to proceeding with the plea" based upon the erroneous DNA results, indicating that Lilly was the source of the semen stain found on the pillow. The State filed a motion to dismiss Lilly's second Rule 24.035 motion on the grounds that it was untimely and successive. The motion court sustained the State's motion to dismiss, dismissing Lilly's motion with prejudice.[1] Lilly appeals.

1. The State asserts, without citation to the record, that the dismissal was based upon the successive nature of Lilly's post-conviction motion. Lilly counters that the motion court did not specify a reason for the dismissal. It is reasonable to infer that by sustaining the State's motion to dismiss, which was based on both the untimely and successive nature of

## Standard of Review

Although "[a]ppellate review of the trial court's action [sustaining or overruling] the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous," Rule 24.035(k), the court here neither sustained nor overruled Lilly's motion; rather, the motion court dismissed Lilly's motion. And "[a]n appellate court reviews a trial court's grant of a motion to dismiss *de novo.*" *Gurley v. Missouri Bd. of Private Investigator Exam'rs*, 361 S.W.3d 406, 411 (Mo. banc 2012).

## Analysis

Lilly raises only one point on appeal; he contends that the motion court erred in dismissing his motion as untimely in that his allegedly extraordinary circumstances (reliance, in deciding to plead guilty, on a DNA test result that was later found to be erroneous) render application of Rule 24.035's time limits a violation of his right to due process of law. The State argues that Lilly's untimely motion constituted a waiver of Lilly's right to seek post-conviction relief. Because our primary concern is the correctness of the result reached by the trial court, we will affirm the judgment if it is cognizable under any theory. *State ex rel. Feltz v. Bob Sight Ford, Inc.*, 341 S.W.3d 863, 868 n. 3 (Mo. App. W.D.2011). Consequently, we will examine whether there were any grounds supporting the court's summary dismissal of Lilly's motion.

*A. Lilly's motion was untimely.*

Lilly's motion, the court agreed with at least one of the State's assertions. But Lilly is correct that the court's order did not specify the grounds for its decision. The State is reminded of the requirement of Rule 84.04(i) that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript."

Rule 24.035(b) indicates that "[i]f no appeal of . . . [the] judgment [or sentence sought to be vacated] was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."

Here, it is undisputed that Lilly was delivered to the department of corrections on July 7, 2008. His first Rule 24.035 motion was timely filed. However, Lilly voluntarily dismissed that motion. The motion at issue on appeal was not filed until May 2, 2011—well over 180 days after Lilly's delivery. Thus, his second motion was untimely. Where a motion for post-conviction relief is not timely filed (and the movant has failed to plead any facts excusing the untimely filing under limited recognized exceptions), the motion court has no choice but to dismiss the motion. *Dorris v. State*, 360 S.W.3d 260, 265 (Mo. banc 2012).

*B. Lilly's claimed due process violation was not presented to the motion court.*

Recognizing that the untimely nature of his motion was a sufficient ground under the rule for the court to dismiss, Lilly argues that the time limits of Rule 24.035 are arbitrary and, in circumstances such as his (where the basis for a claim of relief is not known within the time limits of the rule), violate his right to due process of law. Lilly did not present this claim to the motion court and raises it for the first time in this appeal.

"Claims not presented to the motion court cannot be raised for the first time on appeal." *Brown v. State*, 925

S.W.2d 216, 218 (Mo.App. S.D.1996). Additionally, because Lilly's claim involves an alleged constitutional violation, he was obligated to raise it at the first opportunity, "with citation to specific constitutional sections." *Id.* Lilly wholly failed to raise this claim at any time before his opening brief on appeal. Thus, he has failed to preserve his claimed due process violation.[2] *Id.* (refusing to review a claim that Rule 24.035(b)'s absolute deadline "operated to arbitrarily deny [the movant] his right to due process of law" because it had not been raised in the motion court); and *Valdez v. State*, 35 S.W.3d 877, 878 (Mo.App. S.D.2001) (same).

While, generally, "[e]rrors not preserved on appeal may be reviewed for plain error at the appellate court's discretion," *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo.App. E.D.2007), "[p]lain error review . . . does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion." *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010). Therefore, we will not review Lilly's claim that the time limits of Rule 24.035(b) violate his right to due process.[3]

*C. Lilly's motion was successive.*

The motion court's dismissal was appropriate not only because Lilly's motion was untimely, but also because his motion was successive in violation of Rule 24.035(k), which provides in no uncertain terms that "[t]he circuit court shall not entertain successive motions." " 'Generally the word "shall" connotes a mandatory duty.' " *Dorris*, 360 S.W.3d at 267 (quoting *State ex rel. City of Blue Springs v.*

---

2. Likewise, it appears that Lilly's underlying claim that his plea was involuntary is also not preserved, as the claim presented to the motion court was that Lilly's plea lacked a factual basis—not that his plea was involuntarily entered.

3. In any event, the Missouri Supreme Court has already determined that the time limits of Rule 24.035 are valid, mandatory, and reasonable. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

*Rice,* 853 S.W.2d 918, 920 (Mo. banc 1993)). Under the rule, the court was prohibited from entertaining Lilly's motion because it was his second Rule 24.035 motion. Thus, the court had no choice but to dismiss the motion.

It makes no difference that Lilly did not know of the error in the DNA report at the time he filed his first Rule 24.035 motion. Under the former post-conviction relief rule, Rule 27.26, successive motions were permitted for claims, such as Lilly's, that could not have been raised in a prior motion. *Sours v. State,* 725 S.W.2d 649, 651 (Mo.App. S.D.1987). But the adoption of Rules 24.035 and 29.15 expressly did away with the possibility of successive motions "even [if] the successive motion allege[d] that the grounds stated therein were not raised in a prior motion and were unknown to the movant." *Blankenship v. State,* 783 S.W.2d 939, 940 (Mo.App. S.D. 1990). Because Lilly's motion was successive, the motion court committed no error in dismissing it.

*D. Lilly's original Rule 24.035 motion did not waive a claim of newly discovered evidence, but such a claim was not cognizable in a Rule 24.035 proceeding.*

The parties argue vigorously over whether Lilly's untimely filing resulted in a *waiver* of his right to raise his claim that his plea was involuntary. The State argues that, under Rule 24.035(b), Lilly's untimely filing resulted in a complete waiver of Lilly's right to seek post-conviction relief. Lilly argues, however, that pursuant to Rule 24.035(d), a voluntary waiver can encompass only *known* rights, and since he was unaware of the erroneous DNA report within 180 days of his delivery to the department of corrections, his failure to timely file cannot operate as a waiver of his current claim.

Rule 24.035(b)'s waiver provision addresses the waiver of the right to seek post-conviction relief *generally.* It provides that "[f]ailure to file *a motion* within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." (Emphasis added.)

Rule 24.035(d), however, discusses a movant's waiver of *specific* claims based on the content of his motion: "The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion."

■ Here, Lilly filed a Rule 24.035 motion within 180 days of his delivery to the department of corrections; thus, the waiver provision of Rule 24.035(b) appears to be inapplicable. *Cf. Dorris,* 360 S.W.3d at 263–65 (the movants all waived their rights to seek post-conviction relief generally because none of their original motions were timely filed). In his original motion, however, Lilly did not raise the claim he asserts now—that his plea was involuntary because it was based upon a DNA report erroneously identifying him as the source of a semen stain at the victim's residence. Thus, it appears that the waiver provision of Rule 24.035(d) applies. Lilly argues, however, that because this claim was not known to him at the time he filed his original Rule 24.035 motion, Rule 24.035(d)'s waiver provision is inapplicable, as it applies only to claims *known* to the movant. Since the error in the report was not revealed until well after the time limits of Rule 24.035 had expired, Lilly's current claim was not known to him when he filed his original motion. Thus, he reasons, he could not have waived it by failing to raise

it at that time. We agree that because the claim he now raises was not known to him at the time of his original motion, the waiver provision of Rule 24.035(d) is also inapplicable. Thus, Lilly's claim that his plea was involuntary due to the erroneous DNA report has not been waived.[4] But the fact that his claim has not been waived does not afford him the right to obtain post-conviction relief under Rule 24.035. As noted above, the motion from which he has appealed was untimely. Consequently, the motion court had no choice but to dismiss it.

Although Lilly's claim that his plea was involuntary due to reliance on an erroneous DNA report was not waived, he did not choose the appropriate avenue to seek relief. Lilly's claim is essentially a claim of newly discovered evidence.

"It is a well-established principle that 'Missouri's post-conviction relief rules are not a proper vehicle for the examination of claims of newly discovered evidence.'" *Ferguson v. State,* 325 S.W.3d 400, 406 (Mo.App. W.D.2010) (quoting *Wilson v. State,* 813 S.W.2d 833, 834 (Mo. banc 1991)). Rather, such claims should be addressed either in a petition for a writ of habeas corpus or a request for a pardon from the governor. *Id.* "Habeas corpus relief is available 'where petitioner can demonstrate manifest injustice or miscarriage of justice by showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 409 (quoting *State ex rel. Verweire v. Moore,* 211 S.W.3d 89, 91 (Mo. banc 2006) (internal quotation marks and

citations omitted)). While we question whether the erroneous DNA report can, in fact, establish Lilly's "actual innocence," that issue is not properly before us.[5]

### Conclusion

Because Lilly's Rule 24.035 motion was untimely, successive, and involved a claim that was not cognizable in a Rule 24.035 proceeding, the motion court committed no error in dismissing Lilly's motion. The dismissal is affirmed.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

---

4. Although we find that this claim has not been waived, we express no determination on the merits of this claim.

5. In its brief, the State speculates that DNA testing results on other surfaces from the crime scene potentially implicated Lilly in the crimes, thus rendering the error he identifies

as "unremarkable." But because the original DNA report was not placed in evidence at Lilly's plea hearing, and because it was not before the motion court, we decline to accept the State's speculative inference regarding the implications of other DNA testing results.