**STATE of Missouri, Respondent,**

v.

**Raymon ORTEGA, Appellant.**

No. 22215

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 5, 1999.

Craig A. Johnston, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Raymon Ortega appeals an order denying a motion to withdraw a plea of guilty in a criminal case in which imposition of sentence was suspended and probation was granted. Appellant was discharged from probation prior to when he filed the motion to withdraw his plea of guilty. This court holds that because appellant was discharged from probation before he filed the motion to withdraw his plea of guilty, the trial court lacked authority to consider the motion.

On May 3, 1994, appellant pleaded guilty to possession of methamphetamine, a controlled substance. *See* § 195.240, RSMo 1986 (repealed S.C.S.H.B. 1242, 1988 Mo. Laws 584). (The offense was committed March 28, 1988.) Imposition of sentence was suspended. Probation was granted for a term of three years. Appellant was granted an early discharge from probation June 6, 1995.

On August 14, 1996, appellant filed a document entitled "Motion to Withdraw Plea of Guilty Pursuant to Rule 29.07(D)." Two subsequent motions were filed, the last on December 12, 1996. The state moved to dismiss. The trial court entered an order dated December 2, 1997, overruling the motion to withdraw the plea of guilty. This appeal is directed to that order.

■ This court is obliged to ascertain, *sua sponte*, whether it has jurisdiction to review the matter appellant has attempted to appeal. *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 910 (Mo. banc 1997); *State v. Coor*, 740 S.W.2d 350, 351 (Mo.App. 1987). If the trial court lacked authority to grant the relief appellant sought, this court acquired no jurisdiction to review the matter appealed on its merits. *Smith v. McClard*, 426 S.W.2d 109, 111 (Mo.1968); *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo.App. 1998).

The effect of a suspended imposition of sentence is discussed in *State v. Bachman*, 675 S.W.2d 41 (Mo.App.1984).

> Such procedure has been referred to as a "hybrid in the law" and declared that such a proceeding "is not a final judgment", and "[b]ecause there is no final judgment, there can be no appeal from such an order," *State ex rel. Peach v. Tillman*, 615 S.W.2d 514, 517 (Mo.App.1981). . . .
>
> It follows that because of the nature of a *suspended imposition of sentence* case, the trial court, during the term of assessed probation, continues to have jurisdiction. At the end of the probation period, the trial court *"may discharge [the defendant] from the jurisdiction of the court so that a judgment of conviction may not thereafter be entered upon the verdict in that case."* *Peach* at 518.

*Id.* at 45 [emphasis in original].

■ The trial court had authority to suspend imposition of sentence and place appellant on probation when he pleaded guilty to the criminal charge. *See* § 559.012, RSMo 1986. It had authority to discharge him from probation prior to expiration of the three-year term of probation that was fixed at the time of the guilty plea. § 559.036.2, RSMo 1994. When the trial court discharged appellant from probation, it discharged him from its jurisdiction with respect to that case. *Bachman, supra*. It, therefore, lacked authority to grant the relief sought by appellant's subsequent motion to withdraw his plea of guilty.

The trial court's order denying appellant's "Motion to Withdraw Plea of Guilty Pursuant to Rule 29.07(D)" is vacated. The case is remanded. The trial court is directed to dismiss the motion.

PREWITT, P.J., and CROW, J., concur.