George BROWN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 24092.

Missouri Court of Appeals,
Southern District,
Division One.

April 2, 2002.

George Brown, Jr., pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

George Brown, Jr., appeals the denial of a motion filed in the Circuit Court of New Madrid County entitled "Motion to Correct Manifest Injustice Pursuant to Supreme Court Rule 29.07(d)." The motion bears two circuit court case numbers, "Cr [sic]298–328F and CR298–548F." Following a previous opinion by this court, the Supreme Court of Missouri ordered the case transferred to that court. Thereafter, it was retransferred "for reconsideration in light of *George Brown, Jr. v. State of Missouri*, [66 S.W.3d 721] (No. SC83406, decided February 13, 2002)."[1] Having considered that opinion, this court finds

---

1. The appellant in this case is the same person who was appellant in the case referenced in the retransfer order. The case decided by the supreme court is a different case than the one that is the subject of this appeal.

that this appeal is not affected by the holding in that case. This court declines to *sua sponte* treat this appeal as a petition for habeas corpus. The text of the original opinion of this court, which follows, is readopted and reissued. This court affirms.

The following chronology is a procedural history of appellant's journey through the trial court with respect to the criminal cases that produced the motions that are the subject of this appeal.[2]

June 2, 1998—Appellant was charged by information filed in case No. CR298–328F in the Circuit Court of New Madrid County with receiving stolen property. The date of the alleged offense was April 15, 1998.

June 23, 1998—Appellant pleaded guilty to receiving stolen property as charged in case No. CR298–328F. He was sentenced to confinement for a term of three years. Execution of sentence was suspended. He was granted probation for a term of three years.

September 1, 1998—Appellant was charged by information filed in case No. CR298–548F in the Circuit Court of New Madrid County with receiving stolen property. The date of the alleged offense was July 16, 1998.

October 13, 1998—Appellant pleaded guilty to receiving stolen property as charged in case No. CR298–548F. He was sentenced to confinement for a term of six years. The sentence was ordered to run concurrent with the sentence in case No. CR298–328F. Appellant was to be considered for probation during the first 120 days of his confinement.[3]

Appellant was released on his own recognizance until January 2, 1999, on which date he was ordered to report to the New Madrid County sheriff's office at 8:00 a.m.

October 13, 1998—Appellant appeared in case No. CR298–328F in response to a probation violation report that alleged he had violated his probation by committing a new offense of receiving stolen property, the offense to which he had pleaded guilty in case No. CR298–548F. He waived evidentiary hearing and admitted violating his probation. Appellant's probation in case No. CR298–328F was revoked. The previously imposed sentence was ordered executed. Appellant was released in case No. CR298–328F on his own recognizance on the same condition as in case No. CR298–548F, that he "report to the sheriff's office January 2nd, of 1999, at eight o'clock in the morning."

January 22, 1999—The trial court entered the following order in case Nos. CR298–328F and CR298–548F, "[Appellant] fails to appear at office of sheriff as ordered for transportation to DOC on January 2, 1999. Capias issued."

January 26, 1999—Appellant appeared before the trial court in case Nos. CR298–328F and CR298–548F. The trial court ordered appellant transported to the Department of Corrections. The docket sheet in each case includes the entry, "Court rescinds Order requesting Progress Report." The trial judge told appellant the "order for 120–day release consideration" would be rescinded.

---

2. Appellant's criminal cases were the subject of a prior Rule 24.035 motion. *See Brown v. State,* 19 S.W.3d 190 (Mo.App.2000).

3. The trial court told appellant he would be considered for release during his first 120 days confinement as permitted by

§ 559.115.2, RSMo Cum.Supp.1998; that the consideration was conditioned on his "going up there and doing what you're supposed to do and getting a favorable recommendation for that release"

January 8, 2001—Appellant filed a pleading in trial court entitled "Motion to Correct Manifest Injustice Pursuant to Supreme Court Rule 29.07(d)." The motion identified the case numbers of both criminal cases in which appellant had pleaded guilty.[4]

January 23, 2001—Trial court denied the motion filed January 8, 2001.

January 29, 2001—Notice of appeal filed directed to trial court's order denying motion filed January 8, 2001.

■ Appellant presents one point on appeal. He contends the trial court's January 23, 2001, denial of his Rule 29.07 motion was erroneous; that he suffered "a manifest injustice" at the January 26, 1999, proceeding in the trial court. Appellant's complaint is that he was not provided counsel when he appeared before the trial court on January 26, 1999. He argues the trial court's denial of the Rule 29.07 motion was an abuse of discretion.

On January 26, 1999, appellant appeared before the trial court in the custody of the sheriff. The trial court acknowledged that appellant was before the court with respect to case Nos. CR298–328F and CR298–548F. The trial judge recited the procedural history of those cases. That recitation included that when appellant appeared on October 13, 1998, his probation in case No. CR298–328F had been revoked; that he had also pleaded guilty in case No. CR298–548F and had been sentenced to six years' incarceration in that case.

The judge explained that, at appellant's request, he had been released on his own recognizance with directions to report to the sheriff on January 2, 1999, to be transported to the Department of Corrections.

The trial judge asked appellant why he did not report to the sheriff's office as ordered. Appellant responded that he would like to talk to a lawyer; that he thought he had "better not discuss it in open court." The trial judge told appellant that reporting to the sheriff on January 2, 1999, had been a condition for his being "considered for a 120–day release." Appellant was told the trial court was "rescind[ing] its order for 120–day release consideration."

Appellant's January 8, 2001, motion requested that the trial court permit appellant "to withdraw his plea of guilty." The motion alleged the "*[c]ourt rescinded the original agreement promised by the Prosecuting Attorney (which induced [appellant] to plead guilty) and sentenced [appellant] to six (6) years in the penitentiary*, without ever affording [appellant] counsel, or the opportunity to withdraw his plea, and there is no waiver of counsel anywhere in the record."

Appellant's brief mischaracterizes what occurred in the trial court January 26, 2001. The brief asserts appellant was "subsequently sentenced" on that date "to six (6) years in the penitentiary." That did not occur. There was no sentencing on January 26, 2001.

Appellant was sentenced in case No. CR298–328F on June 23, 1998, to confinement for a term of three years. Execution of that sentence was suspended and probation granted. On October 13, 1998, that probation was revoked.

Appellant was sentenced in case No. CR298–548F on October 13, 1998, to confinement for a term of six years. The trial court permitted appellant to remain free on his own recognizance until 8:00 a.m., January 2, 1999, at which time he was to

---

**4.** No issue was raised about the filing of a single notice of appeal to contest the ruling on appellant's motion in two cases in the trial court. That issue is not addressed. The failure to address the issue should not be considered as this court's approval of that practice.

report to the New Madrid County sheriff for transport to the Department of Corrections to serve the sentences imposed in both case Nos. CR298–328F and CR298–548F.

Appellant relies on *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), in asserting he was entitled to counsel when brought before the trial court on January 26, 1999. The question raised in *Mempa* was "the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation." *Id.* at 130, 88 S.Ct. 254. *Mempa* holds that defendants in criminal cases whose sentences were deferred following pleas of guilty are entitled to counsel at probation revocation hearings and, in the event probation is revoked, at sentencing.

Appellant was represented by counsel when he pleaded guilty to both receiving stolen property offenses. Neither sentence was deferred, i.e., imposition of sentence was not suspended in either case. Appellant was represented by counsel when he was sentenced. Appellant was represented by counsel when probation was revoked in case No. CR298–328F. The holding in *Mempa* is of no consequence to this case.

■ Appellant's complaint is founded on the trial court's decision not to consider him for probation during the first 120 days of his incarceration as permitted by § 559.115.2.[5] Section 559.115.2 provides, as applicable to this case:

A circuit court *only upon its own motion and not that of the state or the defendant* shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request

information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration. . . . [Emphasis added.]

Appellant's plea of guilty in case No. CR298–548F was entered pursuant to a negotiated plea agreement. The prosecuting attorney told the trial court he had agreed to recommend that appellant be sentenced to six years' imprisonment. He continued, "That sentence to run concurrently with the three-year sentence previously imposed by this Court." The prosecuting attorney then, inappropriately, alluded to probation as permitted by § 559.115.2, saying, "The [appellant] to be committed to the 120 days—is that drug treatment? Just straight 120–day Department of Corrections. He, [sic] to report for transportation on January 2[nd]."

Appellant told the trial court he understood the prosecutor's recommendation. The trial judge then added, "And, you understand that your release pursuant to the 120–day statute is going to be conditioned upon you going up there and doing what you're supposed to do and getting a favorable recommendation for that release; you understand that?" Appellant answered, "Yes, sir."

■ As this court explained in *Bauer v. State*, 926 S.W.2d 188, 191 (Mo.App.1996), and as § 559.115.2 succinctly states, a defendant in a criminal case has no right to request consideration for probation within 120 days after commitment to the Department of Corrections. *See also Bauer v. State*, 949 S.W.2d 248, 250–51 (Mo.App. 1997) (Parrish, J., concurring). A trial court cannot be compelled to grant probation during a defendant's first 120 days of incarceration. Negotiations directed toward reaching a disposition in a criminal case should not suggest otherwise.

---

**5.** References to § 559.115.2 are to RSMo Cum.Supp.1998.

In the event appellant's claim could be construed to be that his plea of guilty was involuntary due to misrepresentation by his trial attorney that he would receive probation within 120 days following incarceration, it would be a claim of ineffective assistance of counsel. *See Bauer*, 926 S.W.2d 188, and *Bauer*, 949 S.W.2d 248. Such a claim is cognizable under Rule 24.035. *See* Rule 24.035(a). As such, it may not be asserted under Rule 29.07(d). *State v. Ryan*, 813 S.W.2d 898, 902 (Mo. App.1991).

Appellant previously sought post-conviction relief under Rule 24.035. *See Brown v. State, supra*, n. 1. His claim was untimely and, therefore, time-barred. He may not circumvent the time constraints of Rule 24.035 by pursuing relief for the same claim under Rule 29.07(d). *State v. Ryan, supra. See also State v. Elder*, 36 S.W.3d 817, 819–20 (Mo.App.2001); *Reynolds v. State*, 939 S.W.2d 451, 454–55 (Mo. App.1996). The trial court did not err in denying appellant's motion. The order denying appellant's motion is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.