STATE ex rel. Harold KAUBLE,
Relator,

v.

The Honorable James R.
HARTENBACH,
Respondent.

No. SC 87864.

Supreme Court of Missouri,
En Banc.

March 13, 2007.

Daniel A. Juengel, Todd A. Wakeland,
Clayton, for Relator.

David R. Truman, Robert P. McCulloch, Robert F. Livergood, Clayton, for Respondent.

MICHAEL A. WOLFF, Chief Justice.

Harold Kauble does not want to register as a sex offender. Eight years ago, Kauble pled guilty to violating a law that later was declared unconstitutional. He successfully completed his probation, under a suspended imposition of sentence. As such, there is no judgment of conviction. The sentencing judge refused to grant Kauble relief from his guilty plea. He sought extraordinary writ relief in the court of appeals and, later, in this Court.

Can the circuit court, after Kauble's probation is completed, grant him relief from his guilty plea? Where, if anywhere, does Kauble go to be relieved of the statutory obligation to register as a sex offender?

### Facts

Kauble pled guilty in January 1999 to the class D felony of sexual misconduct involving a child. Section 566.083.1(1), RSMo Cum. Sup.1998. Kauble received a suspended imposition of sentence and was placed on five years of supervised probation. Kauble successfully completed his probation and was discharged from supervision in January 2004. As a result of his guilty plea, Kauble was required to register with Missouri's sex offender registry. Section 589.400.1(1).

In 2005 this Court declared section 566.083.1(1)—the statute under which Kauble pled guilty—unconstitutional. *State v. Beine*, 162 S.W.3d 483 (Mo. banc 2005).[1] Kauble then filed a motion in the trial court to dismiss under Rule 24.04(b)(2), requesting that his "judgment" and sentence be set aside, his charges dismissed, and his name removed from Missouri's sex offender registry. Respondent, the circuit court judge, dismissed Kauble's motion. Kauble petitioned the court of appeals for a writ of prohibition or, in the alternative, a writ of mandamus, which was denied. This Court issued its alternative writ of mandamus. This Court has jurisdiction. Mo. Const. article V, section 4.

### Discussion

■ Kauble's sole point relied on is that he is entitled to an order compelling the circuit court judge to grant his motion to dismiss and set aside the guilty plea and sentence. Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal. *State ex rel. Leigh v. Dierker*, 974 S.W.2d 505, 506 (Mo. banc 1998); *State ex rel. Johnson v. Griffin*, 945 S.W.2d 445, 446 (Mo. banc 1997).

■ Kauble filed his motion in the circuit court under Rule 24.04(b)(2), which allows defendants to raise certain pre-trial defenses and objections relating to "defects in the institution of the prosecution or in the indictment or information...."[2]

---

1. As in *Beine*, Kauble was convicted of "knowingly expos[ing][his] genitals to a child less than fourteen years of age in a manner that would cause a reasonable adult to believe that the conduct is likely to cause affront or alarm to a child less than fourteen years of age." *Beine* struck down the statute as unconstitutionally overbroad for prohibiting both conduct that a person has no right to engage in and conduct that a person has a right to engage in. The statute was also void

for lacking a *mens rea* element. *Beine*, 162 S.W.3d at 486.

2. Rule 24.04(b)(2) provides:

2. *Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion

Rule 24.04(b)(2) applies to pre-trial motions. Its final sentence, however, is significant. It says that "the failure of the indictment or information to charge an offense shall be noticed by the court at any time *during the pendency of the proceeding.*" (Emphasis added.) Kauble has successfully completed his probation. Assuming, for the sake of argument, that the "proceeding" on a suspended imposition of sentence is "pending" during the period of probation, the proceeding clearly is complete when the offender's probation ends. As a consequence of successfully completing probation, there is no judgment of conviction under section 566.083.1(1). *See* section 557.011.2(3)[3]; *In re Dyer,* 163 S.W.3d 915, 920 (Mo. banc 2005). When a probationer successfully completes probation, "his record is free of a criminal conviction, despite his guilty plea." *Id.*

Kauble did not seek to withdraw his guilty plea under Rule 29.07(d). Rule 29.07(d) offers relief where there is a judgment, but not otherwise. Rule 29.07(d) allows a motion to withdraw a guilty plea "only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The first clause of Rule 29.07(d) allows a motion for a withdrawal of a guilty plea "before sentence is imposed or when imposition of sentence is suspended." Under the second clause, a judge may set aside a *judgment of conviction* and allow a defendant to withdraw a guilty plea after the imposition of sentence to correct "manifest injustice." Kauble's action does not fall under the latter clause because, by its plain language, the clause only applies to cases where the defendant has a judgment of conviction.

As to the first clause of Rule 29.07(d), the provision *in dictum* has been construed to mean that "the motion can only be made while the trial court retains jurisdiction over the criminal case, before sentence is imposed or when sentence is suspended." *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002). In, *State v. Ortega,* 985 S.W.2d 373, 374 (Mo.App.1999), the court of appeals held that when a defendant is discharged from probation, *without a criminal conviction,* the trial court loses authority to alter or amend its previous decision.

If Kauble had pled guilty and received a suspended *execution* of sentence, he would have a judgment of conviction, and he would be able to withdraw his guilty plea for manifest injustice under the rule. But there is no relief available in this case because he received a suspended *imposition* of sentence.

■ When Rule 29.07(d) was adopted, collateral consequences mainly followed convictions and not guilty pleas.[4] The sus-

---

shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

3. Section 557.011.2 provides that: "Whenever any person has been found guilty of a

felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may: ... (3) Suspend the imposition of sentence, with or without placing the person on probation; ..."

4. "Rule 29.07(d) was adopted by order of the Supreme Court of Missouri June 13, 1979, effective January 1, 1980. Pages XXI to CXXXIII, Missouri Cases, Vol. 580–581 S.W.2d (West 1979). Prior to January 1,

pended imposition of sentence was an act of leniency because it gave individuals who had committed less serious crimes a chance for a clean slate upon successful completion of probation. "The obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow.... Worthy offenders have a chance to clear their records by demonstrating their value to society through compliance with conditions of probation under the guidance of the court." *Yale v. City of Independence,* 846 S.W.2d 193, 195 (Mo. banc 1993).

The suspended imposition of sentence, however, does not have quite the same practical effect as when it was originated. Now, collateral consequences routinely follow guilty pleas. *See id.* Guilty pleas now have an effect on professional licensing and, most importantly for Kauble, they are used for requiring offenders to register as sex offenders. Section 589.400.1(1) (sex offender registry); section 334.100.1 and .2(2) (allowing denial of a physician's license based on a guilty plea).

Kauble pled guilty under a statute that was later found to be unconstitutional. The conduct that constituted the basis for his guilty plea was not criminal. The circuit court, however, lacks authority—now that his case is ended—to allow him to withdraw his guilty plea.

 Kauble asserts that he is entitled to removal from the sex offender registry. Section 589.400.3(1) allows removal from the sex offender registry when "all offenses requiring registration are reversed, vacated or set aside." In the current state of the law and this Court's rules, Kauble's plea of guilty remains a historical fact. Although there is no provision for vacating his guilty plea, there is no reason that the plea should have any current effect. Specifically, he should no longer be required to register as a sex offender.

Because there is no party to this proceeding that maintains the registry, this Court cannot grant Kauble's requested relief ordering that his name be removed from the registry. If Kauble's request to those who maintain the registry is denied, his remedy may be to bring an action against the parties responsible for maintaining the registry. *See In re R.W.,* 168 S.W.3d 65 (Mo. banc 2005); *Doe v. Phillips,* 194 S.W.3d 833 (Mo. banc 2006). *See* section 589.400.2.

### Conclusion

The alternative writ is quashed. Kauble's petition for an order that Respondent remove his name from the sex offender registry is denied because the party against whom it is brought does not maintain the registry, without prejudice to his requesting removal from the registry from those who maintain it and without prejudice to his right to seek relief in mandamus should they refuse to do so.

All concur.

1980, a rule identical to current Rule 29.07(d) carried the number 27.25. Rule 27.25 was adopted April 14, 1952, effective January 1, 1953. Pages 4908 and 4924, Vol. 4, RSMo 1959. Rule 27.25 was repealed effective January 1, 1980, by the order that adopted current Rule 29.07(d). It is thus documented that the rule currently numbered 29.07(d) has existed unchanged since at least January 1, 1953." *State v. Ryan,* 813 S.W.2d 898, 900–901 (Mo.App.1991).