STATE of Missouri, Respondent,

v.

Kenneth ISON, Appellant.

No. WD 68739.

Missouri Court of Appeals,
Western District.

Nov. 18, 2008.

Scott C. Hamilton, Lexington, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Shaun Mackelprang and Joshua N. Corman, Office of Attorney General, Jefferson City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Kenneth Ison ("Ison") appeals the dismissal of his Rule 29.07 motion on the grounds that the trial court lacked jurisdiction to entertain the motion because it was untimely. We find that, because Ison received a suspended execution of sentence (SES) and was never sent to the Department of Corrections, his motion was timely and could be raised under Rule 29.07 rather than a writ of habeas corpus. The court, therefore, erred in finding that it had no jurisdiction.

In 1997 Ison pleaded guilty to sodomy and received a 7–year sentence with execution suspended. He completed his probation successfully and was discharged from probation in 2002. Four years later he filed this motion asking for the court to allow him to withdraw his guilty plea on the grounds of manifest injustice. He based that claim on the victim's (his then 5 year-old daughter's) recantation of her allegations and claims that the incidents never occurred and that she had been coached by her mother.

Rule 29.07 provides in relevant part:

(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Although a Rule 29.07 motion is filed in the criminal case, it is a civil collateral attack on a criminal conviction just as are Rule 24.035 and Rule 29.15 motions. Rule 29.07 contains no express time limits nor does it seek to define, beyond "manifest injustice," the grounds for relief that may be considered under its provisions. Various appellate decisions have, however, created a coherent definition of the scope and limits of the rule, both substantive and temporal.

In sum, those cases establish that the scope of Rule 29.07(d) does not include those grounds that can be raised by a Rule 24.035 post-conviction motion. Rule 29.07(d) is not a substitute for a timely filed Rule 24.035 motion. *Brown v. State*, 72 S.W.3d 233, 238 (Mo.App. S.D. 2002). Even if a matter could not have been raised in a timely Rule 24.035 motion (because, for example, it was unknown), Rule 29.07(d) is not available, but rather the proper relief is by habeas corpus. *Brown v. State*, 66 S.W.3d 721, 730 (Mo. banc 2002) (quoting *Reynolds v. State*, 939 S.W.2d 451, 455 (Mo.App. W.D.1996)). Nor is Rule 29.07 available after discharge from probation when a defendant receives a suspended imposition of sentence (SIS) because there is no final judgment (conviction). *State ex rel. Kauble v. Hartenbach*,

216 S.W.3d 158, 160 (Mo. banc 2007). Rule 24.035 is not, however, a bar to a Rule 29.07 motion that raised an issue that is not included within the scope of rule 24.035. *Brown*, 72 S.W.3d at 238.

The state argues that the judgment (conviction) of Ison was final 30 days after it was entered and that any rule 29.07 motion must be filed within the time allowed for a Rule 24.035 motion. Secondarily, they argue that Ison is attempting to substitute a Rule 29.07 motion for one under Rule 24.035. The state's argument goes much too far. It is correct only to the extent that the grounds are the same as under Rule 24.035 and a Rule 24.035 motion is available to the defendant. As Ison points out, because he was never committed to the Department of Corrections, a time limit under Rule 24.035 never began to run.

Ison relies upon a statement in *State ex rel. Kauble*, 216 S.W.3d at 160. After completion of probation, Kauble sought to withdraw a guilty plea that had resulted in a suspended imposition of sentence (SIS) under Rule 24.04(b)(2) after the statute under which he had pleaded guilty, section 566.083.1(1) RSMo 2000, was found unconstitutional in *State v. Beine*, 162 S.W.3d 483 (Mo. banc 2005). *Kauble*, 216 S.W.3d at 159. He did not seek relief under Rule 29.07(d) because it applies only where there has been a judgment. *Id.* at 160. Kauble did not have a conviction after the completion of his successful SIS probation. The court said:

> If Kauble had pled guilty and received a suspended *execution* of sentence he would have a judgment of conviction, and he would be able to withdraw his guilty plea for manifest injustice under the rule.

*Id.* Ison, who did receive a SES and who completed his probation, claims that *Kauble* rejects the state's argument here. The state responds that the above quoted statement is mere dicta and that we should not follow it. The state is correct that we are not required to follow Supreme Court dicta. *McPherson v. U.S. Physicians Mut. Risk Retention Group*, 99 S.W.3d 462, 484 (Mo.App. W.D.2003). The state also cites a number of cases involving varying situations that a defendant cannot by-pass the time limits of rule 24.035 simply by asserting a Rule 24.035 claim under Rule 29.07.[1] But, as the state acknowledges, all of these cases are different because the defendants in each were sent to the Department of Corrections and therefore had available relief under Rule 24.035. The state argues that these cases still apply because Ison could have filed a Rule 24.035 motion during his probation term even without a prison remand. It cites no authority for this proposition. We disagree. As the state acknowledges, dicta can be persuasive when supported by logic.

We believe the principle expressed by dicta in *Kauble* is sound. Moreover, *Kauble* is not the only expression by the Court as to this very same issue. In a case cited by neither party, the Supreme Court extensively explained the history, interrelationship and effects of development of Rule 29.07 (and its predecessor Rule 27.26), Rule 24.035, and habeas corpus. *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002). There, a prisoner filed a Rule 29.07 motion to withdraw his guilty plea after he was not granted probation and he was not sent to a 120–day incarceration program. His time for a Rule 24.035 motion ran before he became aware he would not be

---

1. See for example *Reynolds v. State*, 939 S.W.2d 451, 454 (Mo.App. W.D.1996); *State v. Pendleton*, 910 S.W.2d 268, 271 (Mo.App. W.D.1995); *Brown v. State*, 72 S.W.3d 233, 238 (Mo.App. S.D.2002); *Elam v. State*, 210 S.W.3d 216, 219 (Mo.App. W.D.2006).

granted probation.[2] The court extensively discussed the various means of collateral attacks on criminal convictions and held that, where a defendant seeks relief on a ground enumerated under Rule 24.035 and his Rule 24.035 motion is time barred, the only relief is by way of habeas corpus. *Id.* at 730. The Court, however, expressly limited the scope of its holding, saying:

> Despite this holding, Rule 29.07(d) still plays an important role in this State's jurisprudence, albeit a more limited one than it did when Rule 27.26 was in effect. Rule 24.035 by its terms applies only to motions brought after conviction and sentencing and remand to the DOC. Therefore, claims that are brought prior to conviction, sentencing and remand to the DOC do not come within the claims enumerated in Rule 24.035 and so need not be raised in a Rule 24.035 motion or by habeas corpus in order to be preserved. For this reason, a motion under the first clause of Rule 29.07(d) to withdraw a plea of guilty before sentence is imposed or when imposition of a sentence is suspended would still be proper, as would a motion under the second clause of Rule 29.07(d) to set aside a conviction and withdraw a guilty plea after sentence but before remand to the DOC, or a motion on grounds other than those enumerated in Rule 24.035.

*Id.* at 730 n. 5. We hold, therefore, that Ison's Rule 29.07 motion is not time barred by Rule 24.035's time limits.[3]

 The state suggests that we deny Ison's claim on the merits. We decline to do so. The trial court expressly disavowed any consideration of the merits by expressly granting the state's jurisdictional motion rather than entering a general judgment in favor of the state. We reverse and remand for further proceedings, including the presentation of evidence, if desired, by the state, which stood on its motion to dismiss at the close of Ison's evidence.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.

---

2. Rule 24.035's time limit has now been changed to eliminate this issue.

3. The state also argues that Ison's claim is really one of voluntariness of the plea which is governed by Rule 24.035. We need not determine that issue because such a claim would not be time barred anyway.