**STATE of Missouri, Plaintiff–Respondent,**

v.

**John S. BYERS, Defendant–Appellant.**

**No. SD 31758.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 6, 2012.

Application for Transfer to Supreme Court Denied Feb. 26, 2013.

Jason M. Scherer, of Crow, Reynolds, Shetley, McVey & Scherer, LLP, Kennett, MO, for Appellant.

Stephen P. Sokoloff, Dunklin County Prosecuting Attorney, Kennett, MO, for Respondent.

GARY W. LYNCH, P.J.

John S. Byers pleaded guilty to the class A misdemeanor of sexual misconduct in the first degree, *see* section 566.090, RSMo Cum.Supp.2002. The trial court suspended the imposition of sentence ("SIS") and placed Byers on supervised probation for a twenty-four-month term. Upon Byers' successful completion of probation without incident, the case was closed. Over four years later, Byers, filed a Rule 27.09(d) motion to withdraw his guilty plea.[1] The trial court, relying upon *State ex rel. Kauble v. Hartenbach,* 216 S.W.3d 158 (Mo. banc 2007), found that it lacked "authority to enter any order regarding [Byer's] previous plea of guilty[,]" denied Byers an evidentiary hearing, and entered a judgment denying the motion.

Byers appeals the trial court's judgment, claiming in three points that it erroneously applied the law to deny him a hearing on his motion. First, he claims that *Kauble* is not controlling because its discussion of Rule 29.07, which is admittedly fatal to his motion and this appeal, was dicta.[2] Assuming that it was dicta, he then claims in his second and third points, respectively, that interpreting Rule 29.07 as inapplicable where probation has been completed following an SIS "would lead to an unjust, absurd, and/or unreasonable result" and

---

1. Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." All rule references are to Missouri Court Rules (2012).

2. "Obiter dicta, by definition, is a gratuitous opinion. Statements are obiter dicta if they are not essential to the court's decision of the issue before it. While *dicta* can be persuasive when supported by logic, it is not precedent that is binding upon us." *Swisher v. Swisher,* 124 S.W.3d 477, 482 (Mo.App.2003) (citations and quotations omitted).

"violates the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America." Finding that the disposition of this appeal is controlled by this court's decision in *State v. Ortega*, 985 S.W.2d 373 (Mo.App. 1999),[3] and that none of Byers' points persuade us otherwise, we affirm the trial court's judgment.

In *Ortega*, the defendant pleaded guilty to a criminal offense. *Ortega*, 985 S.W.2d at 374. Imposition of sentence was suspended, and the defendant was placed on probation for a three-year term. A little over a year later, the defendant was granted an early discharge from probation. *Id.* The defendant, two months later, filed a motion to withdraw his guilty plea under Rule 29.07(d), which the trial court denied. *Id.* On appeal of that denial, this court addressed the effect of a SIS, the trial court's authority to subsequently discharge the defendant from probation, and the trial court's lack of authority to thereafter enter a judgment of conviction. We then held that "[w]hen the trial court discharged [the defendant] from probation, it discharged him from its jurisdiction with respect to that case. It, therefore, lacked authority to grant the relief sought by [the defendant's] subsequent motion to withdraw his plea of guilty." *Id.* (citations omitted).

■ The procedural posture here is identical to that in *Ortega*. Byers pleaded guilty to an offense upon which imposition of sentence was suspended. He was placed on probation, subsequently was discharged from that probation, and thereafter filed a motion to withdraw his guilty plea under Rule 29.07(d). Under the holding in *Ortega*, the trial court lacked authority to grant any relief sought by that

motion. *Ortega*, 985 S.W.2d at 374. In that context, we turn to Byer's three points on appeal, but for ease of analysis address them in reverse order.

■ In his third point, Byers claims that "interpreting [Rule] 29.07(d) to exclude the withdraw [sic] of a plea of guilty following a suspended imposition of sentence after probation has been completed violates the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America[.]" "Missouri has always adhered to the rule that to preserve a constitutional issue for appellate review, it must be raised at the earliest time consistent with good pleading and orderly procedure." *State v. Miller*, 172 S.W.3d 838, 844 (Mo.App.2005) (citing *State v. Flynn*, 519 S.W.2d 10, 12 (Mo. 1975)). Byers did not raise this constitutional claim in his motion to set aside his guilty plea or in any other manner in the trial court. Because he raises this constitutional challenge to Rule 29.07(d) for the first time on appeal, it is not preserved for review. *State v. Newlon*, 216 S.W.3d 180, 184 (Mo.App.2007). Byers' third point is denied.

Byers' second point asserts, without mentioning *Ortega*, that "interpreting [Rule] 29.07(d) to exclude the withdraw [sic] of a plea of guilty following a suspended imposition of sentence after probation has been completed would lead to an unjust, absurd, and/or unreasonable result."

■ "[S]*tare decisis* is the cornerstone of our legal system." *M & H Enters. v. Tri–State Delta Chems., Inc.*, 984 S.W.2d 175, 178 n. 3 (Mo.App.1998). Under that doctrine, "a court follows earlier judicial decisions when the same point

---

**3.** In *Kauble*'s discussion of Rule 29.07(d), our high court stated, "In *State v. Ortega*, 985 S.W.2d 373, 374 (Mo.App.1999), the court of appeals held that when a defendant is dis-

charged from probation, *without a criminal conviction*, the trial court loses authority to alter or amend its previous decision." *Kauble*, 216 S.W.3d at 160.

arises again in litigation." *Tillman v. Cam's Trucking, Inc.*, 20 S.W.3d 579, 588 n. 9 (Mo.App.2000). "Where the same or an analogous issue was decided in an earlier case, such case stands as authoritative precedent unless and until it is overruled." *M & H Enters.*, 984 S.W.2d at 178 n. 3. In considering whether to overrule a governing decision, the Supreme Court of Missouri has considered whether a decision has remained unchanged for many years, *First Bank v. Fischer & Frichtel, Inc.*, 364 S.W.3d 216, 224 (Mo. banc 2012), whether it is clearly erroneous and manifestly wrong, *Novak v. Kansas City Transit, Inc.*, 365 S.W.2d 539, 546 (Mo. banc 1963), and whether it violates a constitutional right, *Watts v. Lester E. Cox Med. Ctrs.*, 376 S.W.3d 633 (Mo. banc 2012).

▆▆▆ Byers chose not to mention *Ortega* in his initial brief. When the State asserted *Ortega*'s applicability in its respondent's brief, Byers could have responded to that assertion by filing a reply brief, as allowed by Rule 84.04(g), but he chose not to do so. He has not argued in his brief that this court should overrule *Ortega* and has not mentioned or argued any of the relevant factors, as discussed *supra*, upon which this court could consider doing so. Rather, his point merely advances an argument contrary to the holding in *Ortega*. Precedents, however, "do not cease to be authoritative merely because counsel in a later case advance a new argument." *Harris v. The Epoch Group, L.C.*, 357 F.3d 822, 826 (8th Cir. 2004) (quoting *United States v. Hill*, 48 F.3d 228, 232 (7th Cir.1995)). For this court to expand such an argument into a cogent rationale for why we should now overrule *Ortega* would thrust us into the role of becoming an advocate for Byers, which is something we cannot and will not do. *Kramer v. Park–Et Rest., Inc.*, 226 S.W.3d 867, 870 (Mo.App.2007) (appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made). Byers' second point is denied.

Finally, we turn to Byers' first point. Whether or not the Supreme Court of Missouri's discussion of Rule 29.07(d) in *Kauble* is dicta has no effect upon the resolution of this appeal, because even if it is dicta, as Byers argues, this court's holding in *Ortega*, as previously discussed *supra*, requires affirmance. The point, therefore, is superfluous and need not be further addressed. Byers' first point is denied.

The trial court's judgment is affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.