

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99907 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Thea Sherry |
| NASIR N. AHMAD, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 18, 2014 |

Nasir Ahmad ("Appellant") appeals from the trial court's judgment dismissing his motion to withdraw his guilty plea under Rule 29.07(d). We dismiss this appeal for want of jurisdiction.

## I. BACKGROUND

On October 23, 2003, Appellant pled guilty to the class C felony of burglary in the second degree, in violation of Section 569.170. The plea court suspended imposition of sentence ("SIS") and placed Appellant on probation, ordering, *inter alia*, Appellant to complete classes relating to domestic abuse. Appellant successfully completed these classes and completed his term of probation under the SIS on October 23, 2006. Appellant was discharged from probation.

On December 21, 2012, Appellant filed a motion to withdraw his guilty plea under Rule 29.07(d). The trial court dismissed Appellant's motion on March 11, 2013, for lack of jurisdiction.

This appeal now follows.

## II. DISMISSAL FOR LACK OF JURSIDCTION

It is well settled that before this Court may address the merits of an appeal, we must first determine our jurisdiction to do so. Avidan v. Transit Cas. Co., 20 S.W.3d 521, 523 (Mo. banc 2000) ("In all appeals, we are required to examine our own jurisdiction."). If jurisdiction is lacking, then the appeal must be dismissed. State v. Tyler, 224 S.W.3d 89, 90 (Mo. App. W.D. 2007).

"Our jurisdiction derives from that of the circuit court." Kieffer v. Niemeyer, 113 S.W.3d 300, 301 (Mo. App. E.D. 2003). Thus, if the trial court determined it lacked jurisdiction to entertain Appellant's motion, then this Court would lack jurisdiction over Appellant's appeal. State v. Bryant, 237 S.W.3d 603, 604-05 (Mo. App. S.D. 2007). Accordingly, we are under an obligation to examine the issue of the trial court's jurisdiction. White v. State, 265 S.W.3d 850, 853 (Mo. App. E.D. 2008) ("Where the motion court lacked jurisdiction to hear Appellant's motion, we likewise lack jurisdiction to review Appellant's claims.").

There exists little need to perform extensive analysis as we find State v. Byers, 396 S.W.3d 366 (Mo. App. S.D. 2012), with reference to and reliance upon State ex rel. Kauble v. Hartenbach, 216 S.W.3d 158 (Mo. banc 2007), and State v. Ortega, 985 S.W.2d 373 (Mo. App. S.D. 1999), to be controlling and in contravention of Appellant's arguments.

2

Under the holdings (and continued acceptance) of the three aforementioned cases, Rule 29.07 is not available after discharge from probation when a defendant receives a suspended imposition of sentence because there is no final judgment or conviction. State v. Ison, 270 S.W.3d 444, 445-46 (Mo. App. W.D. 2008); see also Ortega, 985 S.W.2d at 374 ("When the trial court discharged appellant from probation, it discharged him from its jurisdiction with respect to that case . . . . It, therefore, lacked authority to grant the relief sought by appellant's subsequent motion to withdraw his plea of guilty."); Kauble, 216 S.W.3d at 160 (our Missouri Supreme Court adopted the holding in Ortega that when a defendant has been discharged from probation, without a criminal conviction, the trial court loses authority to alter or amend its previous decision under Rule 29.07(d)); Byers, 396 S.W.3d at 368 ("The procedural posture here is identical to that in Ortega. Byers pleaded guilty to an offense upon which imposition of sentence was suspended. He was placed on probation, subsequently was discharged from that probation, and thereafter filed a motion to withdraw his guilty plea under Rule 29.07(d). Under the holding in Ortega, the trial court lacked authority to grant any relief sought by that motion.").

Appellant, having received an SIS, and having successfully completed probation and thereafter discharged on October 23, 2006, does not have Rule 29.07(d) available to him. For the reasons heretofore, we conclude that the trial court lacked jurisdiction to consider Appellant's motion to withdraw his guilty plea pursuant to Rule 29.07(d), and this Court, therefore, must dismiss this appeal for lack of jurisdiction.

3

## III.  CONCLUSION

For the foregoing reasons, this appeal is dismissed.


_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

4