

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| JEROME KEENEY, JR., | ) | ED101981 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | |
| TIM FITCH, SUPERINTENDENT OF | ) | Honorable Robert S. Cohen |
| POLICE, ST. LOUIS COUNTY and | ) | |
| COLONEL RONALD REPLOGLE, | ) | |
| SUPERINTENDENT, MISSOURI | ) | |
| HIGHWAY PATROL, | ) | |
| | ) | |
| Defendants/Respondents. | ) | Filed: March 24, 2015 |

## Introduction

Jerome Keeney, Jr. (Appellant) appeals from the trial court's summary judgment entered in favor of Tim Fitch, Superintendent of Police, St. Louis County and Colonel Ronald Replogle, Superintendent, Missouri Highway Patrol (Respondents) on Appellant's Petition for Declaratory Judgment. We reverse and remand.

## Factual and Procedural Background

In 1988, the St. Louis County Police Department received complaints that various men were engaging in homosexual sexual acts in open view of the public in the parking lot and bathrooms of a rest stop at 700 Dunn Road, situated off Highway 270 and consisting of a tourist information booth, parking lot and associated facilities. As a result of the complaints, the St. Louis County Police Department investigated and conducted an undercover sting operation on

September 28, 1988, "reference homosexual activity," in which Detective Robert Bayes of the Bureau of Special Investigation for St. Louis County parked at the rest stop and sat in his car, waiting. While sitting in his car, undercover, Detective Bayes observed Appellant sitting in his car. Appellant started a conversation with Detective Bayes and asked Detective Bayes to sit in Appellant's car with him. Detective Bayes agreed and got in Appellant's car with him at the rest stop. Appellant and Detective Bayes talked for about ten minutes. Appellant placed his hand on Detective Bayes's clothed groin area. Detective Bayes then identified himself as a police officer and placed Appellant under arrest.

The State charged Appellant with attempt sexual misconduct, third degree, a Class C misdemeanor, by information as follows:

> That [Appellant], in violation of Section 564.011, RSMo,[1] committed the class C misdemeanor of an attempt to commit the offense of sexual misconduct, punishable upon conviction under Sections 558.011.1(7) and 560.016, RSMo, in that on or about Wednesday, September 28, 1988, at approximately 8:20 p.m., at 700 Dunn Road, in the County of St. Louis, State of Missouri, [Appellant] grabbed the groin of Det. Bayes, and such conduct was a substantial step toward the commission of the crime sexual misconduct, and was done for the purpose of committing such sexual misconduct.

On September 11, 1989, Appellant pled guilty to the charge and received a suspended imposition of sentence and two years' probation.

Section 566.090, the sexual misconduct statute in effect at the time of this incident, provided:

> 1. A person commits the crime of sexual misconduct if:
>
> (1) Being less than seventeen years old, he has sexual intercourse with another person to whom he is not married who is fourteen or fifteen years old; or
>
> (2) He engages in deviate sexual intercourse with another person to whom he is not married and who is under the age of seventeen years; or

---

[1] All statutory references are to RSMo 1978, unless otherwise indicated.

(3) He has deviate sexual intercourse with another person of the same sex.

2. Sexual misconduct is a class A misdemeanor.

Section 566.090, RSMo 1978 (since repealed).

Because of this conviction, on January 8, 2010, Appellant was instructed to file his initial registration with the Missouri Sex Offender Registry. On August 30, 2013, Appellant filed a Petition for Declaratory Judgment requesting that he no longer be required to register as a sex offender because attempting to engage in homosexual relations is no longer a criminal offense.

Appellant and Respondents filed cross-motions for summary judgment. Both sides presented their motions to the trial court with proposed findings of fact and conclusions of law. On July 31, 2014, the trial court granted Respondents' motion for summary judgment, adopting their joint proposed findings of fact and conclusions of law as its judgment, and denied Appellant's motion for summary judgment and underlying petition for declaratory relief. This appeal follows.

Points on Appeal

In his first point, Appellant argues the trial court erred in concluding his conduct was not innocent and he therefore should be required to register as a sex offender because the court erroneously declared and/or applied the law by failing to recognize the right to consensual same-sex conduct was affirmed in Lawrence v. Texas, 539 U.S. 558 (2003).

In his second point, Appellant maintains the trial court erred in concluding his obligation to register as a sex offender was based on conduct that occurred "in public" because the court erroneously declared and/or applied the law in that Appellant was not charged with public indecency or an act that had as an element that the charged conduct must have occurred in public.

3

In his third point, Appellant claims the trial court erred in concluding he should be required to register as a sex offender because the court erroneously declared and/or applied the law by stating that Lawrence v. Texas, 539 U.S. 558 (2003), stands only for protecting same-sex relations when they are private sexual acts "committed" in one's home, in that the reasoning of Lawrence was not limited to sexual activity within the home and Appellant did, actually, have the right to rely upon the privacy afforded to a person seated in his darkened automobile at night.

In his fourth point, Appellant asserts the trial court erred in concluding he should be required to register as a sex offender because the court erroneously declared and/or applied the law as stated in State ex rel. Kauble v. Hartenbach, 216 S.W.3d 158 (Mo.banc 2007), by finding the petitioner in Kauble was not entitled to and was denied relief, in that the Missouri Supreme Court actually found Mr. Kauble should be entitled to the relief he sought but had not named the proper parties.

Standard of Review

Whether summary judgment was proper is a question of law. Turner v. School Dist. of Clayton, 318 S.W.3d 660, 664 (Mo.banc 2010). This Court's review of a grant of summary judgment is *de novo*; therefore, the trial court's order may be affirmed by this Court on an entirely different basis than that posited at trial, and this Court will affirm the grant of summary judgment under any appropriate theory. Id. The Court views the record in the light most favorable to the party against whom judgment was entered and affords that party the benefit of all reasonable inferences. Id. For summary judgment to be entered in its favor, the movant has the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Id.

The parties to this action do not contest the trial court's determination that there are no

genuine issues of material fact in this case. Rather, the issue on appeal is whether the trial court erred in determining Respondents were entitled to summary judgment as a matter of law. See generally Purcell v. Cape Girardeau County Comm'n, 322 S.W.3d 522, 524 (Mo.banc 2010).

Analysis

SORNA and SORA

In 2006, Congress enacted the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16962 (2006), instructing states to pass legislation setting up a sex offender registration system and requiring sex offenders to register. 42 U.S.C. §§ 16912-16913. The statute sought to establish a comprehensive national system for the registration of offenders in order to "protect the public from sex offenders and offenders against children[.]" 42 U.S.C. § 16901.

SORNA requires all sex offenders, "including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act[,]" 28 C.F.R. § 72.3, to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). SORNA defines "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). The definition of "sex offense" includes "a criminal offense that has an element involving a sexual act or sexual contact with another," and "an attempt or conspiracy to commit" that sexual act or contact. 42 U.S.C. § 16911(5)(A). State law crimes are "criminal offenses." 42 U.S.C. § 16911(6).

This federal obligation triggers Missouri's registration requirements under its own sex offender registration act ("SORA"), which it originally enacted in 1994 and later amended in 2006. Sections 589.400-589.425 RSMo 2006; Doe v. Toelke, 389 S.W.3d 165, 167 (Mo.banc

2012). The purpose of SORA is also, like SORNA, to protect children from violence at the hands of sex offenders and to respond to the known danger of recidivism among sex offenders. Doe v. Phillips, 194 S.W.3d at 833, 839 (Mo.banc 2006).

In Section 589.400(7), SORA provides that any person required to register under federal law, *i.e.*, SORNA, must register with the chief law officers of their county of residence in Missouri. Under this provision, Respondents maintain Appellant is required to register in Missouri because he is required to register under SORNA as "an individual who was convicted of a sex offense" under Missouri state law.

<u>Appellant and the Registry</u>

As set forth in detail *supra*, Appellant pled guilty in 1989 to the since-repealed Class C misdemeanor of attempt third degree sexual misconduct in the form of attempting to engage in deviate sexual intercourse with an individual of the same sex. Despite the existence of this historical fact, we find it of no effect at the present time and conclude for all intents and purposes Appellant has not committed a sex offense making him a sex offender for purposes of registering under SORNA.

The sexual offense of which Appellant was convicted in 1989 is no longer a sexual offense. In <u>Lawrence v. Texas</u>, 539 U.S. 558, 578-79 (2003), the United States Supreme Court overturned a criminal prosecution for same-sex sodomy. The court held that the Texas criminal statute under which the defendant was charged was unconstitutional in that a same-sex sodomy law violates liberty interests under the Due Process Clause. <u>Id.</u> The applicable statute provided "a person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex." Tex. Penal Code Ann. Section 21.06(a) (Vernon 2003). In the instant case, Appellant was charged under, and pled guilty to, Section 566.090.1(3), RSMo 1978 (since

6

repealed), which provided, "A person commits the crime of sexual misconduct if … [h]e has deviate sexual intercourse with another person of the same sex." These statutes are, in all relevant respects, identical. <u>Lawrence</u> held that the specifically delineated statutory crime with which Appellant was charged was unconstitutional.

Further, the statutory section under which Appellant was convicted, Section 566.090.1(3), has ultimately been repealed by the Missouri Legislature. In order to better understand what became of the statute that was in effect at the time of Appellant's plea, we set forth Section 566.090's transmutations and reincarnations effected by the General Assembly from that time until present day.

In 1988, Section 566.090 read as follows:

**1. A person commits the crime of sexual misconduct if:**

**(1) Being less than seventeen years old, he has sexual intercourse with another person to whom he is not married who is fourteen or fifteen years old; or**

**(2) He engages in deviate sexual intercourse with another person to whom he is not married and who is under the age of seventeen years; or**

**(3) He has deviate sexual intercourse with another person of the same sex.**

**2. Sexual misconduct is a class A misdemeanor.**

Section 566.090, RSMo 1978 (since repealed).

In 1994, the Legislature inserted "in the first degree" in the first subsection introductory paragraph, deleted subdivisions (1) and (2) and the designation of subdivision (3), and inserted "or he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent"; and in subsection 2, inserted "in the first degree" and "unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the

7

actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a

ritual or ceremony, in which case it is a class D felony." These changes rendered the following

result, the statutory crime of sexual misconduct set forth in Section 566.090, as it existed in

Missouri from 1995 to 2003:

**Section 566.090**

**1. A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent.**

**2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.**

In 2003, the Legislature, via L.2002, S.B. Nos. 969, 673 & 855, § A, in subsection 1,

following "sexual contact," deleted "or engages in conduct which would constitute sexual

contact except that the touching occurs through the clothing." The result was as follows:

**Section 566.090**

**1. A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact without that person's consent.**

**2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.**

In 2006, the Legislature, by L.2006, H.B. Nos. 1698, 1236, 995, 1362 & 1290, § A,

removed from subsection 1, "he has deviate sexual intercourse with another person of the same

sex or he" and replaced it with "such person." Thus, effective June 5, 2006 until August 28,

2013, Section 566.090 provided:

> **Section 566.090**
>
> **1. A person commits the crime of sexual misconduct in the first degree if such person purposely subjects another person to sexual contact without that person's consent.**
>
> **2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.**

Next, effective August 28, 2013, by L.2013, H.B. No. 215 § A, Section 566.090 was transferred to and redesignated Section 566.101, rewritten and retitled "Second degree sexual abuse, penalties," which at the current time provides as follows:

> **Section 566.101 - Second degree sexual abuse, penalties**
>
> **1. A person commits the offense of sexual abuse in the second degree if he or she purposely subjects another person to sexual contact without that person's consent.**
>
> **2. The offense of sexual abuse in the second degree is a class A misdemeanor, unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.**

(Transferred from § 566.090 and amended by L.2013, H.B. No. 215, § A, eff. Aug. 28, 2013.)

No law criminalizing the same conduct set forth in former Section 566.090.1(3) has been enacted in its place.

The constitutionality of Section 566.090.1(3) RSMo 1978 (since repealed) was first raised in State v. Walsh, 713 S.W.2d 508, 513 (Mo.banc 1986). At that time, its constitutionality was upheld, with the Walsh court finding:

> We believe further that punishing homosexual acts as a Class A misdemeanor, see Section 566.090.2, is rationally related to the State's

9

constitutionally permissible objective of implementing and promoting the public morality.

We further find that Section 566.090.1(3) is rationally related to the State's concededly legitimate interest in protecting the public health. The State has argued that forbidding homosexual activity will inhibit the spread of sexually communicable diseases like acquired [immunodeficiency] syndrome (AIDS).

Id. at 512.

In 2013, more than a quarter-century after Walsh, the Missouri Supreme Court decided Glossip v. Mo. Dep't of Transp. & Highway Patrol Employees' Ret. Sys., 411 S.W.3d 796 (Mo.banc 2013). In Glossip, the majority opinion determined a highway patrol spousal survivor benefits statute does not discriminate on the basis of sexual orientation in violation of the equal protection clause because the statute drew its distinction on the basis of marital status, not sexual orientation. Id. at 804. The majority therefore concluded it did not have to reach the issue of the constitutionality of discrimination based on sexual orientation, but if it did, it would be guided by federal law, for the Missouri Constitution's equal protection clause is coextensive with the Fourteenth Amendment. Id. at 805.

In his dissenting opinion, joined by Judge Draper, Judge Teitelman mentioned the Walsh decision and recognized "[a]lthough Walsh held that classifications based on sexual orientation were not subject to heightened equal protection scrutiny, that conclusion was based on the fact that homosexual behavior was, at that time, a crime. The rationale of Walsh is no longer viable in light of Lawrence v. Texas, 539 U.S. 558 (2003), which held that homosexual behavior is no longer subject to criminalization." Glossip, 411 S.W.3d at 813 (Mo.banc 2013) (J. Teitelman, dissenting on other grounds).

Homosexual deviate sexual intercourse is no longer a sexual offense in Missouri. As such, there is no logical existent reason to require Appellant to register on the sexual offender registry. A similar situation presented itself in State ex rel. Kauble v. Hartenbach, 216 S.W.3d

10

158 (Mo.banc 2007). In <u>Kauble</u>, the petitioner had pled guilty under a statute that was later found to be unconstitutional. <u>Id.</u> at 161. The conduct that constituted the basis for his guilty plea was not criminal. <u>Id.</u> He sought to have his conviction overturned or vacated, and be allowed to remove his name from the sexual offender registry. <u>Id.</u> The Missouri Supreme Court noted that the only court with the power to vacate Mr. Kauble's conviction was the circuit court, which had lost jurisdiction over his case long ago. <u>Id.</u> However, the Court indicated that if he named the proper parties as defendants, that is, the individuals who are in control of and maintain the sexual offender registry, he could ask the Court for a declaratory judgment that his name be removed from the sex offender registry. <u>Id.</u>[2] The <u>Kauble</u> court had this to say about Mr. Kauble's situation, which is pertinent to Appellant's here:

> Kauble asserts that he is entitled to removal from the sex offender registry. Section 589.400.3(1) allows removal from the sex offender registry when "all offenses requiring registration are reversed, vacated or set aside." In the current state of the law and this Court's rules, Kauble's plea of guilty remains a historical fact. Although there is no provision for vacating his guilty plea, there is no reason that the plea should have any current effect. Specifically, he should no longer be required to register as a sex offender.
> Because there is no party to this proceeding that maintains the registry, this Court cannot grant Kauble's requested relief ordering that his name be removed from the registry. If Kauble's request to those who maintain the registry is denied, his remedy may be to bring an action against the parties responsible for maintaining the registry.

<u>Id.</u>

As the Missouri Supreme Court pointed out in <u>Kauble</u>, there is no procedure available for Appellant to have his 1989 guilty plea vacated, even though the law on which it was based was deemed unconstitutional as criminalizing behavior which is legal. However, unlike in <u>Kauble</u>, Appellant's cause of action is properly postured and he has named the appropriate defendants and therefore is entitled to the remedy which the Court indicated was proper for Mr. Kauble,

---

[2] Mr. Kauble filed a petition for writ of mandamus asking the Court to compel the trial court judge to dismiss and set aside his guilty plea and remove his name from the registry.

11

once appropriately requested.

Respondents' Arguments

Respondents argue Appellant's conduct on September 28, 1988 was criminal in other aspects justifying his continued registration on the sexual offender registry. Respondents maintain Detective Bayes was the victim of Appellant's grabbing his groin without his consent, as he avers in his affidavit dated April 29, 2014, and created for the purpose of Appellant's underlying declaratory judgment action.

The offense to which Appellant pled guilty in 1989 was clearly a strict liability statute. It included no language, as did other criminal statutes in effect at the time *but under which Appellant was not charged or convicted*, requiring a victim's lack of consent as an element of the crime. Respondents cannot argue almost thirty years later that Appellant's conduct on September 28, 1988 was sexually criminal in ways other than how the prosecutor chose to charge its illegality in 1989.

It is within the prosecutor's discretion to determine the statute or statutes under which the prosecutor desires to proceed in charging a defendant with a crime. State v. Hendricks, 944 S.W.2d 208, 211 (Mo.banc 1997). The prosecutor's determination will be based upon the evidence, along with any other considerations that the prosecutor may properly want to take into account. Id.

Likewise, from the defendant's perspective, for his guilty plea to be a voluntary and intelligent admission that he committed the offense leveled against him by the prosecutor, the defendant must receive real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process. Henderson v. Morgan, 426 U.S. 637, 644-45 (1976).

12

The prosecutor's choice in charging Appellant in 1988 cannot be revisited or revised today. Appellant's plea is now a part of history. Additionally, it nearly goes without saying that Respondents also cannot bring forward newly manufactured evidence, *i.e.,* Detective Bayes's 2014 affidavit, to support a new theory of Appellant's culpability.

Moreover, Respondents' characterization of Detective Bayes as a "victim" of sexual contact by Appellant, and their contention that Detective Bayes did not give Appellant permission to touch his groin, are disingenuous. Detective Bayes was participating in a sting operation to rid the rest stop of homosexual behavior in 1988 and he deliberately sat in his car at that location; got into Appellant's car with him and talked for over ten minutes; and when Appellant finally made a sexual overture to Detective Bayes, Detective Bayes revealed his true identity as a police officer and placed Appellant under arrest for attempted homosexual deviate intercourse. Such a course of events would be considered a success by Detective Bayes in his undercover sting operation to rid the area of homosexual behavior that night in 1988, and to characterize himself today as a victim of unwanted sexual touching by Appellant that night is incongruous.

Respondents also argue that Appellant's conduct on September 28, 1988 was committed in public, not in private, and as such does not deserve the protection of Lawrence. Respondents are attempting to expand upon the alleged criminality of Appellant's conduct on the night of September 28, 1988, to add a public aspect to it that was not there when charged by the State, considered by the court or pled guilty to by Appellant almost thirty years ago. As we determined with regard to the ostensibly "nonconsensual" aspect to the actions of Appellant and Detective Bayes in the front seat of Appellant's car on the evening of September 28, 1988, the State chose not to charge Appellant with a crime with a public aspect to it. Rather, it chose to charge

13

Appellant with the strict liability crime of attempted deviate sexual intercourse with a person of the same sex as set forth in Section 566.090.1(3) RSMo 1978 (since repealed).

For the foregoing reasons, we consider Appellant's petition for declaratory judgment well taken. Respondents' motion for summary judgment should not have been granted, and it was error for the trial court to do so. Appellant's appeal is granted for the reasons stated specifically herein only.

### Conclusion

The trial court's judgment is reversed and this cause is remanded for proceedings consistent with this opinion. Appellant's Petition for Declaratory Judgment is ordered to be granted and Respondents are ordered to remove Appellant's name and all other registration information from the Missouri Sex Offender Registry.

_____
Sherri B. Sullivan, P.J.

Mary K. Hoff, J., and
Philip M. Hess, J., concur.

14