

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| WILLIAM H. DREWEL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | **WD85246** |
| | ) | **(Consolidated with WD85269)** |
| | ) | |
| | ) | **OPINION FILED:** |
| MISSOURI STATE HIGHWAY | ) | **July 25, 2023** |
| PATROL and COLE COUNTY | ) | |
| SHERIFF JOHN P. WHEELER, | ) | |
| | ) | |
| Appellants. | ) | |

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable S. Cotton Walker, Judge

### Before Division One: Anthony Rex Gabbert, Presiding Judge, and
### Lisa White Hardwick and Mark D. Pfeiffer, Judges

The Missouri State Highway Patrol and Cole County Sheriff John P. Wheeler

(collectively the "State") appeal from the judgment entered by the Circuit Court of Cole County,

Missouri ("circuit court"), ordering that William Drewel ("Drewel") be removed from the

Missouri Sex Offender Registry ("Registry"). The State asserts that the circuit court erred

because Missouri's Sex Offender Registration Act ("MO-SORA") requires lifetime registration

for any sex offender who has been required to register under the federal Sex Offender Registration and Notification Act ("SORNA"). We reverse.

## Facts and Procedural History

On August 28, 2001, Drewel was convicted of sexual misconduct in the first degree in that on October 31, 1999, he touched the breast of a female who did not want him to do so.[1] He was sentenced to ninety days in jail, which sentence was suspended, and he was placed on two years' supervised probation, which he satisfactorily completed. As a result of his conviction, Drewel was required to register as a sex offender pursuant to MO-SORA. Drewel has been a registered sex offender since his conviction in 2001. He has maintained employment; has not been charged or convicted of any crimes, including sex offenses; and has completed classes mandated by his probation officer.

On October 8, 2019, Drewel filed a Petition against the State for Removal from the Sex Offender Registry ("Petition"), alleging that he was entitled to removal pursuant to section 589.401.[2] In his Petition, Drewel alleged that he was convicted of a tier one sex offense, that he had completed the statutory requirements for removal, and that the required term of registration for tier one sex offenders had expired.

On January 13, 2022, the circuit court held a hearing on Drewel's Petition. Drewel, his attorney, and the State's attorney appeared. The circuit court took judicial notice of the underlying sex offender case. Drewel testified that he had complied with all of the requirements

---

[1] From 1995 to 2003, the crime of sexual misconduct in the first degree was codified in section 566.090. In 2013, "[s]ection 566.090 was transferred to and redesignated Section 566.101, rewritten and retitled 'Second degree sexual abuse, penalties.'" *Keeney v. Fitch*, 458 S.W.3d 838, 844 (Mo. App. E.D. 2015).

[2] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented through October 8, 2019, the date Drewel filed his Petition.

under section 589.401 for removal from the Registry. The State presented no evidence. Instead, the State objected to Drewel's Petition because, even though Drewel is a tier one sex offender under MO-SORA, there is an independent federal requirement to register under SORNA; therefore, Drewel cannot be removed from the Registry absent a federal SORNA release.[3]

On February 16, 2022, the circuit court entered its Judgment finding that Drewel was "no longer required to register as a sex offender under MO-SORA unless he is convicted of a sex offense independently requiring registration at some date in the future." The circuit court ordered the State to remove Drewel from the Registry. The circuit court reasoned that Drewel was entitled to removal from the Registry because he met the requirements of an early removal provision and because he had been required to register for a period in excess of fifteen years for a tier one sex offense.

The State timely appealed.[4]

**Standard of Review**

"On appeal of a bench-tried case, the 'judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight

---

[3] Drewel argues in his briefing that this argument raised on appeal was not preserved below, but we disagree. At the hearing, specifically at page 18 of the transcript of such hearing, the State argues that the complicating factor for Drewel is that "there is an independent federal requirement to register under SORNA . . . and that requirement is elicited specifically in [MO-SORA]." Continuing, the State argued that "[e]ven though this is a Tier 1 sex offense, it's been more than 15 years, and if the Court does find all the other parts of 589.401 have been met, the Court still under [relevant precedent] is not allowed to give Mr. Drewel the relief that he is seeking absent an also identical federal SORNA release."

[4] On March 10, 2022, the Cole County Prosecuting Attorney appealed from the Judgment, and the appeal was assigned case number WD85246. On March 23, 2022, the Missouri State Highway Patrol, Criminal Records Repository, and John P. Wheeler, Sheriff, appealed from the Judgment, and the appeal was assigned case number WD85269. Because the appeals arose out of the same circuit court case, on March 28, 2022, this Court ordered the cases consolidated under case number WD85246.

of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *Lin v. Clark*, 666 S.W.3d 270, 277 (Mo. App. W.D. 2023) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "The interpretation of a statute is reviewed *de novo*." *M.O. v. GEICO Gen. Ins. Co.*, 657 S.W.3d 215, 216 (Mo. banc 2023) (citing *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014)). "'This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute.'" *Id*. (quoting *Parktown Imps., Inc. v. Audi of Am., Inc*., 278 S.W.3d 670, 672 (Mo. banc 2009)).

### Analysis

While the federal government does not maintain its own sex-offender registry, SORNA requires each state to maintain a state-wide sex offender registry conforming to the requirements of SORNA in order to receive certain federal funds. 34 U.S.C. § 20912(a); *Selig v. Russell*, 604 S.W.3d 817, 821 (Mo. App. W.D. 2020). "SORNA divides sex offenders into three categories, based on the severity of the offense: tier I, tier II, and tier III." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 900 (Mo. banc 2023) (citing 34 U.S.C. § 20911(2)-(4)). Tier one offenders must be registered for fifteen years. *Id*. (citing 34 U.S.C. § 20915(a)(1)). SORNA specifies that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 34 U.S.C. § 20913(a). A "sex offender" is "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). A "sex offense" includes, among other things, "a criminal offense that has an element involving a sexual act or **sexual contact** with another." 34 U.S.C. § 20911(5)(A)(i) (emphasis added). A "criminal offense" includes a state criminal offense. 34 U.S.C. § 20911(6).

To determine whether Drewel pleaded guilty to a "sex offense" requiring registration under SORNA, "we look not only to the statute under which [Drewel] was convicted, but also to

4

the underlying facts of [his] offense—a so-called 'non-categorical' approach." *Wilkerson v. State*, 533 S.W.3d 755, 759 (Mo. App. W.D. 2017). From 1995 to 2003, section 566.090 provided in pertinent part that: "'A person commits the crime of sexual misconduct in the first degree if he . . . engages in conduct which would constitute **sexual contact** except that the touching occurs through the clothing without that person's consent.'" *Keeney v. Fitch*, 458 S.W.3d 838, 843-44 (Mo. App. E.D. 2015) (quoting § 566.090.1) (emphasis added). Drewel admitted in his Petition that he was convicted of sexual misconduct in the first degree, a tier one sex offense. In his testimony at the hearing on his Petition, he acknowledged that he had been convicted of the sex offense of sexual misconduct in that on October 31, 1999, he touched the breast of a female who did not want him to do so. Drewel's admission that he committed the offense of sexual misconduct establishes that he was convicted of an offense that involved sexual contact with another person and, therefore, meets the definition of a "sex offense" under SORNA. *See Wilkerson*, 533 S.W.3d at 759-60. Likewise, Drewel meets the definition of a "sex offender" under SORNA.

Drewel is a tier one sex offender, which carries a registration period under SORNA of fifteen years. 34 U.S.C. § 20915(a)(1). Drewel's registration period commenced when he was "sentenced for the offense giving rise to the registration requirement." 28 C.F.R. § 72.5(b)(2). Drewel's fifteen-year registration period ran from 2001 to 2016. Therefore, at a minimum, he was required by federal law to register from 2008 to 2016.[5]

Section 589.400 of MO-SORA "sets forth the requirements to register as a sex offender." *Smith*, 659 S.W.3d at 899. "Section 589.400.1(7) imposes a registration requirement in Missouri

---

[5] "In 2008, SORNA was applied to all sex offenders, including individuals who committed a sex offense prior to July 20, 2006." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 900 (Mo. banc 2023).

for '[a]ny person who is a resident of this state who . . . **has been** *or is required to register* under tribal, ***federal***, or military law[.]'" *Id.* (emphasis added). In 2018, the General Assembly amended MO-SORA, making several substantive changes, including dividing sex offenders into three tiers to mirror the SORNA categories and providing a mechanism for tier one and two offenders to be removed from the Registry. *Id*. at 900. Tier one sex offenders are required to register for fifteen years. § 589.400.4(1). If a tier one offender maintains a "clean record" for ten years, the offender may petition to have his or her name removed from the registry early. § 589.401.4(1). In the 2018 amendments to MO-SORA, the General Assembly added language to, and removed language from, section 589.400.1(7), but the language imposing a registration requirement for "[a]ny person who is a resident of this state who . . . has been or is required to register under tribal, federal, or military law" remained unchanged. *Smith*, 659 S.W.3d at 900. Because Drewel was required to register under SORNA, section 589.400.1(7) requires him to register in Missouri. *Id*. at 903, 904.

At issue in this case is whether a tier one offender, like Drewel, is eligible for removal from the Registry pursuant to section 589.401 if he or she has previously been required to register under SORNA. As this Court determined in *Wood v. Criminal Records Repository*, 668 S.W.3d 597 (Mo. App. W.D. 2023), the Missouri Supreme Court recently addressed this issue directly, and the Court's decision in *Smith* is dispositive. *Id*. at 600, 602.

Both offenders in *Smith* met the definition of a "sex offender" under SORNA, and their offenses met the definition of a "sex offense" under SORNA. 659 S.W.3d at 903. Both were tier one sex offenders, subject to a registration period of fifteen years. *Id*. at 903, 904. Because they were required to register under SORNA, section 589.400.1(7) required them to register in Missouri. *Id.* The Missouri Supreme Court concluded that the circuit court did not err in finding

6

that each offender was "not eligible to have his name removed from the Missouri registry because he 'has been . . . required to register under . . . federal . . . law[.]'" *Id*. (quoting § 589.400.1(7)). According to the Missouri Supreme Court, "[s]o long as the General Assembly does not change the text of § 589.400.1(7), this Court is persuaded it should continue to apply § 589.400.1(7) as mandating a lifetime registration requirement in Missouri if an offender 'has been' subject to federal registration requirements under SORNA." *Id*. at 902-03. "[B]ecause § 589.400.1(7) mandates registration for a person's lifetime if they 'ha[ve] been . . . required to register under . . . federal . . . law[,]" Drewel was not entitled to removal from the Registry, and the circuit court erred as a matter of law in so ordering. *Id*. at 904.

## Conclusion

Pursuant to Rule 84.14 of the Missouri Rules of Civil Procedure, appellate courts are directed that "[u]nless justice otherwise requires, the [appellate] court shall dispose finally of the case."[6] And, in a circumstance such as this, we are directed by the same rule to "give such judgment as the court ought to give." Accordingly, the circuit court's judgment is reversed and judgment is herewith entered in favor of the State on Drewel's Petition.

_____
Mark D. Pfeiffer, Judge

Anthony Rex Gabbert, Presiding Judge, and Lisa White Hardwick, Judge, concur.

---

[6] All rule references are to I MISSOURI COURT RULES – STATE 2023.