

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| J.C.S., | ) | No. ED111139 |
| | ) | |
|     Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| MISSOURI STATE HIGHWAY PATROL | ) | 22JE-CC00160 |
| CRIMINAL RECORDS REPOSITORY, | ) | |
| | ) | |
|     Appellant, | ) | |
| | ) | |
| and | ) | Honorable Brenda Stacey |
| | ) | |
| JEFFERSON COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| | ) | |
|     Defendant. | ) | Filed:  September 19, 2023 |

The Missouri State Highway Patrol Criminal Records Repository ("MSHP") appeals the trial court's judgment, entered after a hearing, granting J.C.S.'s ("Petitioner's") petition for removal from the Missouri Sex Offender Registry and directing that Petitioner's name be removed from the Registry.

Under the circumstances of this case where there is an incomplete record on appeal because no record was made of the hearing before the trial court, we reverse the trial court's judgment, and we remand the cause so that a proper record can be made and for further proceedings consistent with this opinion.  *See Matter of Isreal*, No. ED111010, 2023 WL

5207963 at *3 n.4, *4 (Mo. App. E.D. Aug. 15, 2023) (case mandated on Sept. 7, 2023) (similarly holding).

## I.     BACKGROUND

On August 4, 1999, Petitioner pleaded guilty to the class A misdemeanor of first-degree sexual misconduct under section 566.090 RSMo 1994[1] in the Circuit Court of Jefferson County for an offense that occurred on or about August 5, 1998.  On or about August 25, 1999, the trial court sentenced Petitioner and placed him on probation.  As a result of Petitioner's conviction, the Missouri Sex Offender Registration Act, section 589.400 *et seq.*[2] ("MO-SORA"),[3] required Petitioner to register as a sex offender with the Missouri Sex Offender Registry ("Registry"). Petitioner registered with the Registry beginning on or about August 25, 1999, and he properly maintained his registration through the instant proceedings.

On February 28, 2022, Petitioner filed a petition against MSHP and the Jefferson County Sherriff's Office seeking his removal from the Registry pursuant to section 589.401.  Petitioner alleges he is eligible for removal because, *inter alia*, he satisfied all requirements for removal set forth in section 589.401.11.[4]

---

[1] "[E]ffective August 28, 2013 . . . [s]ection 566.090 was transferred to and redesignated [s]ection 566.101, rewritten and retitled 'Second degree sexual abuse, penalties.'"  *Keeney v. Fitch*, 458 S.W.3d 838, 844 (Mo. App. E.D. 2015).

[2] This reference and all further references to section 589.400 *et seq.* are to RSMo Cum. Supp. 2018 (effective from August 28, 2018 to the present).

[3] *See* section 589.400 *et seq.*; *see also MacColl v. Missouri State Highway Patrol*, 665 S.W.3d 290, 292 (Mo. banc 2023) (as modified on the Court's own motion on May 23, 2023) (referring to section 589.400 *et seq.* as the "Missouri Sex Offender Registration Act" or "MO-SORA").  Additionally, all further citations to *MacColl* are to the Missouri Supreme Court's decision which was modified on the Court's own motion on May 23, 2023.

[4] The requirements for removal set forth in section 589.401.11 consist of the following:

(1) [the petitioner] [h]as not been adjudicated or does not have charges pending for any additional nonsexual offense for which imprisonment for more than one year may be imposed since the date the offender was required to register for his or her current tier level;

(2) [the petitioner] [h]as not been adjudicated or does not have charges pending for any additional sex offense that would require registration under sections 589.400 to 589.425 since the date the offender was required to register for his or her current tier level, even if the offense was punishable by less than one year imprisonment;

(3) [the petitioner] [h]as successfully completed any required periods of supervised release, probation, or parole without revocation since the date the offender was required to register for his or her current tier level;

2

The Office of the Jefferson County Prosecuting Attorney ("the Prosecuting Attorney") filed an answer to Petitioner's petition on behalf of the "State of Missouri." The Prosecuting Attorney's answer did not take a position on whether Petitioner's name should be removed from the Registry; instead, the answer requested the trial court to have a "full and complete hearing" and subsequently "make a just a[nd] proper determination, that Petitioner go henceforth with his costs incurred herein, and for such other orders as th[e] [c]ourt shall deem just and proper."

MSHP did not file an answer to Petitioner's petition. Instead, MSHP filed a letter that, in relevant part, (1) informed the trial court MSHP was entrusting the defense of this action to the Prosecuting Attorney; (2) stated MSHP did not intend to file any further pleadings in this matter; (3) "note[d] for the parties and the [c]ourt that the [Western District of the] Missouri Court of Appeals[5] recently determined that any registrant with an obligation to register under [the federal Sex Offender Registration and Notification Act ("SORNA")[6]] must register for life in Missouri pursuant to section 589.400.1(7)"; and (4) "note[d] for the parties and the [c]ourt that . . . [t]he lifetime registration requirement applies without regard to the registrant's Missouri tier assignment under MO-SORA." (emphasis omitted). MSHP's letter did not allege this lifetime registration requirement or the absence of any requirements for removal set forth in section 589.401.11 would disqualify Petitioner from the relief he sought in his petition.

The trial court called the matter for a hearing. The record on appeal demonstrates Petitioner appeared by counsel at the hearing and that evidence was adduced. It is undisputed MSHP did not appear at the hearing. Additionally, it is unclear from the record on appeal

---

(4) [the petitioner] [h]as successfully completed an appropriate sex offender treatment program as approved by a court of competent jurisdiction or the Missouri department of corrections; and
        (5) [the petitioner] [i]s not a current or potential threat to public safety.

[5] MSHP's letter specifically cited to *Selig v. Russell*, 604 S.W.3d 817 (Mo. App. W.D. 2020) (transfer denied by the Missouri Supreme Court on Sept. 1, 2020).

[6] *See* 34 U.S.C. section 20901 *et seq.*; *see also MacColl*, 665 S.W.3d at 293 (referring to 34 U.S.C. section 20901 *et seq.* as the "Sex Offender Registration and Notification Act" or "SORNA").

whether the Prosecuting Attorney appeared at the hearing or took any position at the hearing on whether Petitioner's name should be removed from the Registry. This Court has not been provided a transcript of the hearing. Nor have we been provided with information as to whether a transcript exists.

After considering whatever evidence was adduced at the hearing, the trial court determined Petitioner qualified for removal of his name from the Registry, and thus granted Petitioner's petition and directed that Petitioner's name be removed from the Registry. The trial court specifically found Petitioner met all of the requirements for removal set forth in section 589.401.11 because, (1) Petitioner has not been adjudicated or does not have charges pending for any additional nonsexual offense for which imprisonment for more than one year may be imposed since the date Petitioner was required to register for his current tier level; (2) Petitioner has not been adjudicated or does not have charges pending for any additional sex offense that would require registration under sections 589.400 to 589.425 since the date Petitioner was required to register for his current tier level, even if the offense was punishable by less than one year imprisonment; (3) Petitioner successfully completed any required periods of supervised release, probation, or parole without revocation since the date Petitioner was required to register for his current tier level; (4) Petitioner successfully completed an appropriate sex offender treatment program as approved by a court of competent jurisdiction or the Missouri Department of Corrections; and (5) Petitioner is not a current or potential threat to public safety. *See* footnote 4 of this opinion (setting forth the requirements of section 589.401.11(1)-(5)). Since no transcript of the hearing has been provided to this Court, there are no other facts beyond those

alleged in the petition and admitted in the Prosecuting Attorney's answer.[7] MSHP's letter merely raises an additional requirement for removal without alleging Petitioner's circumstances would prevent his removal from the Registry.

MSHP filed a timely motion to amend arguing, (1) the trial court's judgment "fail[ed] to address whether or not [ ] Petitioner has been or is required to register pursuant to SORNA . . ."; and (2) pursuant to section 589.400.1(7), any individual who "has been or is" required to register under SORNA has an independent lifetime obligation to register under MO-SORA. (internal quotations omitted). Again, MSHP's motion fails to assert Petitioner's circumstances would prevent his removal from the Registry. The trial court did not rule on MSHP's motion to amend within ninety days after the date the motion was filed, and, therefore, the motion was deemed denied by operation of law. *See* Rule 78.06.[8]

MSHP now appeals the trial court's judgment granting Petitioner's petition for removal from the Registry.

## II. DISCUSSION

In its sole point on appeal, MSHP argues the trial court erred in granting Petitioner's petition for removal from the Registry because, (1) the trial court failed to determine whether Petitioner had ever been required to register under federal law, i.e., SORNA; and (2) pursuant to

---

[7] As previously indicated, the facts alleged in the petition and admitted in the Prosecuting Attorney's answer include that Petitioner pleaded guilty to the class A misdemeanor of first-degree sexual misconduct under section 566.090 RSMo 1994; however, there is nothing in the record on appeal indicating the underlying facts of Petitioner's charge and resulting guilty plea. Accordingly, the record on appeal does not indicate, *inter alia*, (1) Petitioner's age at the time the offense was committed; (2) the victim's age at the time the offense was committed; or (3) the factual basis of Petitioner's charge and resulting guilty plea. *See* section 566.090.1 RSMo 1994 (indicating there can be three possible factual bases for Petitioner's misdemeanor conviction by providing "[a] person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex *or* he purposely subjects another person to sexual contact *or* engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent") (emphasis added).

[8] Unless otherwise indicated, this reference and all further references to Rules are to Missouri Supreme Court Rules (2022).

5

section 589.400.1(7), any individual required to register under SORNA has an independent lifetime obligation to register under MO-SORA. MSHP requests our Court to, *inter alia*, reverse the trial court's judgment and remand for further proceedings.

**A.      Preservation, Standard of Review, and General Law**

MSHP's arguments, which relate to the form or language of the trial court's judgment, are preserved for appeal because they were raised in MSHP's timely motion to amend the judgment under Rule 78.07(c). *See id*.; *T.J.E. v. M.R.M.*, 592 S.W.3d 399, 402 n.3 (Mo. App. E.D. 2020) (similarly finding with respect to an earlier, identical version of Rule 78.07(c)).

An appellate court will generally affirm a trial court's judgment ruling on a petitioner's petition for removal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *See Smith v. St. Louis County Police*, 659 S.W.3d 895, 898 (Mo. banc 2023). However, "[i]n cases where there is an incomplete record on appeal because no record was made of the [trial] court proceeding, we must reverse the judgment of the [trial] court and remand so that a proper record can be made." *Isreal*, 2023 WL 5207963 at *3 n.4 (citations omitted).

In *Smith*, the Missouri Supreme Court held that when an individual "has been" required to register under SORNA, section 589.400.1(7) of MO-SORA requires the person to register with the Registry for his lifetime, even if he presently is not required to register pursuant to SORNA. 659 S.W.3d at 899-904; *see also* section 589.400.1(7) (requiring registration of "[a]ny person who is a resident of this state who . . . has been or is required to register under . . . federal . . . law"). In other words, when an individual "has been" required to register under SORNA, he

6

is not entitled to removal from the Registry, even if he presently is not required to register pursuant to SORNA.[9] *Id.*

**B.      Analysis of MHSP's Argument on Appeal**

In this case, MSHP argues the trial court erred in granting Petitioner's petition for removal from the Registry essentially because Petitioner *may have* been required to register under SORNA.[10] *See id.* MSHP concedes our Court cannot determine whether Petitioner was required to register under SORNA or whether Petitioner was entitled to removal from the Registry based on the record on appeal before this Court, because these issues cannot be determined from the pleadings alone and because the hearing before the trial court was not recorded.[11]

Here, there is an incomplete record on appeal because no record was made of the hearing before the trial court. Under these circumstances, we must reverse the trial court's judgment and

---

[9] By holding an individual is not entitled to removal from the Registry when he "has been" required to register under SORNA, *Smith* essentially creates an additional requirement for removal from the Registry, even though section 589.401.11, when read in isolation, only sets forth five requirements for removal. *See Smith*, 659 S.W.3d at 899-904; footnote 4 of this opinion (setting forth the requirements of section 589.401.11(1)-(5)). In other words, the result of *Smith*'s holding is that an individual must register with the Registry for his lifetime if he ever had to register under SORNA in the past, even if he presently is not required to register pursuant to SORNA and even if he would be entitled to removal from the Registry pursuant to section 589.401.11 of MO-SORA. *See Smith*, 659 S.W.3d at 899-904; footnote 4 of this opinion. "Under [this] interpretation, almost no one will be entitled to the benefit of the tiered scheme [for offenders] or the provision [enacted by the General Assembly] permitting removal from the [R]egistry." *Smith*, 659 S.W.3d at 909 (Breckenridge, J., dissenting).

[10] MSHP asserts Petitioner would have been required to register under SORNA *if* the victim of the crime he or she pleaded guilty to was a minor because, "[u]nder 34 U.S.C. sections 20911 and 20913, if the victim of a sex offense is a minor, the offender has a mandatory obligation to register under SORNA." We note that at oral argument before this Court on August 9, 2023, counsel for MSHP stated MSHP *still* did not know if the victim of the crime Petitioner pleaded guilty to was a minor or if Petitioner was required to register under SORNA. In other words, despite MSHP being continuously active in the instant case for over a year (since the time it filed its motion to amend on August 1, 2022), MSHP failed to obtain records from the Prosecuting Attorney which would demonstrate whether Petitioner was required to register under SORNA, and MSHP failed to examine such records. *See MacColl*, 665 S.W.3d at 302 (holding "[s]ection 589.401.9 authorizes the prosecuting attorney in the circuit court in which a[ ] [petitioner] files a removal petition to 'have access to all applicable records concerning the [petitioner] including, but not limited to, criminal history records, mental health records, juvenile records, and records of the department of corrections or probation and parole'") (quoting section 589.401.9). We find MSHP's omissions in this regard are contrary to the interests of judicial economy.

[11] In the interests of judicial economy, we strongly encourage all parties in future cases involving a petition for removal from the Registry to ensure a proper record is made of hearings before the trial court.

7

remand the cause so that a proper record can be made and for further proceedings consistent with this opinion. *See Isreal*, 2023 WL 5207963 at *3 n.4, *4 (similarly holding). "This Court cannot and will not convict the [trial] court of error when we do not know what evidence was before it." *Id*. at *4. We also cannot and will not speculate on the evidentiary basis for the trial court's decision because "[a] judgment must be based on evidence and not speculation." *Id*. (citations omitted).

Based on the foregoing, MSHP's point is granted to the extent it requests our Court to reverse the trial court's judgment and remand the cause for further proceedings.

### III. CONCLUSION

We reverse the trial court's judgment granting Petitioner's petition for removal from the Registry and directing that Petitioner's name be removed from the Registry, and we remand the cause so that a proper record can be made and for further proceedings consistent with this opinion.

ROBERT M. CLAYTON III, Presiding Judge

Philip M. Hess, J., and
Cristian M. Stevens, J., concur.

8